176 N.J. Super. 288 (1980)
422 A.2d 1049
PHYLLIS AND LEON LONDON, PLAINTIFFS,
v.
ROTHMAN REALTY CORPORATION, DEFENDANT.
Superior Court of New Jersey, District Court Bergen County.
July 30, 1980.
*289 William Goldberg for plaintiffs.
Robert Rothman for defendant.
O'HALLORAN, J.D.C.
The issue presented in this case involves the construction of N.J.S.A. 46:8-21.1, which establishes the rights and duties of landlords and tenants with respect to the disposition of a security deposit at the expiration of a tenancy.
Plaintiffs, former residential tenants of defendant landlord, brought this action for return of their security deposit. Defendant counterclaimed, alleging damage to the apartment in an amount in excess of the deposit. Plaintiffs then filed an amended complaint seeking recovery of double the amount of the security deposit as well as attorneys' fees. The matter is before the court on defendant's motion for partial summary judgment dismissing these latter claims.
Plaintiffs' lease expired on November 30, 1979. They moved from the apartment on or before that date. Although it has not been offered as an exhibit, it is assumed for the purpose of this motion that defendant sent plaintiffs a letter under date of December 19, 1979, advising that their security deposit would not be returned because damage to the apartment exceeded the amount of the deposit. Defendant contends that because the letter was sent within 30 days after expiration of the term of plaintiffs' lease, it cannot be held liable for double damages or attorneys' fees. Since defendant's argument is made as a matter of law, it must be assumed for the purpose of deciding this motion that, as a matter of fact, plaintiffs were entitled to return of part or all of their security deposit.
The applicable parts of the pertinent statute read as follows:

N.J.S.A. 46:8-21.1. Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of the contract, lease, or agreement. The interest *290 and any such deductions shall be itemized and the tenant or licensee notified thereof by personal delivery, registered or certified mail.
........
In any action by a tenant or licensee for the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys, together with full costs of any action, and in the court's discretion, reasonable attorneys' fees.
It has recently been held that, as indicated by the express language of the statute, the penalty of awarding twice the amount wrongfully withheld is mandatory, even in a case where the tenant failed to plead the statute or demand double damages. Gibson v. 1013 North Broad Associates, 172 N.J. Super. 191 (App.Div. 1980). There the Appellate Division noted that its decision is contra Burstein v. Liberty Bell Village, Inc., 120 N.J. Super. 54, 58-59 (Cty.D.Ct. 1972), in effect overruling the holding in Burstein that good faith by the landlord can be a defense to the claim for the statutory penalty. The exercise of good faith by defendant landlord in this case is, therefore, not to be considered on the question of doubling the amount of security deposit to be returned, although it will be a factor in determining whether attorneys' fees should be awarded to plaintiffs because that statutory penalty is expressly made discretionary.
But is the double penalty avoided if the landlord gives the tenant notice of disposition of the deposit within 30 days after expiration of the lease as required by the statute? There does not appear to be any reported decision specifically answering this question.
Language in Jaremback v. Butler Ridge Apartments, 166 N.J. Super. 84 (App.Div. 1979), is helpful. There the court held that there was no valid basis for doubling the security deposit where the accounting between the landlord and tenant did not result in any moneys due to the tenant, even though the landlord had failed to comply with the notice of disposition procedure required by the statute. The court said:
The Legislature has made no provision for a financial penalty for the failure of a landlord to comply with the notification requirement of the statute. Where the accounting between landlord and tenant does not result in any money due to the *291 tenant, there is no valid basis for attempting to enforce the notification requirement by doubling the security deposit or imposing costs and counsel fees as a windfall recovery to the tenant. See Alston v. Thomas, 161 N.J. Super. 403, 408 (Cty.Ct. 1978). We do not minimize the duty of the landlord to notify the tenant of the account in the manner called for by the statute, but we find no legal basis for the utilization of the statutory penalty where the only dereliction is the failure to comply with the notification procedure. [at 88, 89].
Logically, the converse should also be true. Mere compliance by the landlord with the statutory notification procedure does not relieve him from the double penalty for wrongfully withholding any part of the tenant's security deposit.
In construing a statute the court must determine what the Legislature intended. This statute is part of a legislative plan calculated to protect tenants from overreaching landlords. Watson v. Jaffe, 121 N.J. Super. 213, 214 (App.Div. 1972). As was pointed out in Watson v. United Real Estate, Inc., 131 N.J. Super. 579, 582 (Cty.D.Ct. 1974), unless there is a sure and meaningful penalty confronting the landlord who wrongfully withholds a security deposit, he has no incentive to promptly return the deposit, because as a practical matter, he would have nothing to lose if he waited for the institution of suit.
It is clear from the unmistakable terms of this section that the wrong the Legislature intended to remedy is the unjustified retention for more than 30 days of any part of a tenant's security deposit. The requirement that an itemization of the interest and any deductions be delivered to the tenant is an additional and independent obligation placed upon the landlord. The Legislature could hardly have intended that a landlord who wrongfully withheld a security deposit could avoid the penalty simply by the mechanical act of sending his former tenant an accounting.
Defendant landlord's motion for partial summary judgment is denied. The matter will be listed for trial to determine if the landlord is entitled to damages. Any net amount found to be due to the tenants will be doubled.