770 A.2d 738 (2001)
KANG IN YI, Plaintiff-Appellant,
v.
RE/MAX FORTUNE PROPERTIES, INC., and Linda Wong, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted October 17, 2000.
Decided April 11, 2001.
*739 Kimm, Grant & Weinhaus, attorneys for appellant (Michael S. Kimm, Hackensack, on the brief).
Kaufman, Gelbert & Bern, Fort Lee, attorneys for respondents (Deena L. Baruch, Hackensack, on the brief).
Before Judges PRESSLER, KESTIN and CIANCIA.
The opinion of the court was delivered by KESTIN, J.A.D.
This case involves the construction and application of N.J.S.A. 46:8-21.1. That statute requires a landlord, within thirty days from the termination of a tenancy, to return the tenant's deposit including the tenant's portion of the interest accrued thereon, less valid charges. The statute provides further, upon failure to comply, for a doubling of the amount due and an award of litigation costs, together with such reasonable counsel fees as the court, in its discretion, may award.
The matter commenced with plaintiff's complaint for the relief provided by the statute and for punitive damages. It came before the trial court on plaintiff's motion for summary judgment. After vacating, by consent, a default against the landlord, the court held that plaintiff was not entitled to the prescribed doubling but nevertheless awarded plaintiff $600 in counsel fees and $53 for costs of suit. Punitive damages were denied. Plaintiff appeals from the denials and from the trial court's award of less than "full counsel fees and costs." We affirm as to the counsel fee award, court costs and the denial of punitive damages; and reverse as to the holding that plaintiff was not entitled to the prescribed doubling.
On May 6, 1998, plaintiff entered into a one-year lease commencing on June 1 of a unit in an apartment complex owned by defendant Linda Wong and managed, maintained and operated by defendant Re/ Max Fortune Properties, Inc. As provided in the lease, plaintiff proffered a security deposit in the amount of $2,925.00, equivalent to one and one-half months' rent. In May 1999, the parties agreed to extend the lease for an additional three months.
It is undisputed that plaintiff left the premises on August 31, 1999, as agreed in the three-month extension. It is also undisputed that the landlord's check for $2,288.74, which represented the net of the $2,925.00 security deposit plus interest less an uncontested charge of $675.00 for damage beyond ordinary wear and tear, was dated October 6, 1999, and was received by plaintiff's attorney on October 11.
The trial court held that since plaintiff, by the time the suit was instituted, had received the appropriate net balance there was nothing left to double. The judge reasoned that the five-day [sic] delay was de minimis, but because the payment had not been made until plaintiff's attorney had sent a demand letter, a counsel fee *740 was justified. The parties themselves had engaged in some negotiations during the period before counsel became involved.
Even though courts are empowered to apply equitable considerations in deciding disputes before them, such equities as may be seen to exist may not trump the law. See O'Boyle v. Prudential Ins. Co. of America, 241 N.J.Super. 503, 509, 575 A.2d 515 (App.Div.1990)("When ... the statutory language is clear, [courts] must apply it as written, not inject some lurking judicial suspicion that a better policy could or should be engrafted on the statutory scheme.").
N.J.S.A. 46:8-21.1 provides in relevant part:
Within 30 days after the termination of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement, to the tenant[.]
* * * *
In any action by a tenant ... for the return of moneys due under this section, the court upon finding for the tenant ... shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees. [emphasis added]
The statute establishes the landlord's obligations in unmistakable and definite terms, and clearly provides a mandatory remedy for default. See Gibson v. 1013 N. Broad Assocs., 172 N.J.Super. 191, 194-95, 411 A.2d 711 (App.Div.1980)(holding that the penalty of awarding double damages is mandatory); see also London v. Rothman Realty Corp., 176 N.J.Super. 288, 290, 422 A.2d 1049 (Cty.Dist.Ct.1980). Much mischief would ensue if landlords or courts were permitted to manipulate the express provisions of the statute. Thus, we hold again that once a court determines that the thirty-day period prescribed by the statute expired without a return of the balance due, a tenant is entitled to the remedy provided by the statute, i.e., "twice the amount wrongfully withheld." Gibson, supra, 172 N.J.Super. at 194, 411 A.2d 711.
The remaining issue before us is how the mandated doubling is to be calculated, that is, whether the statutory penalty imposed for failure to return a tenant's deposit within the prescribed thirty-day period is double the amount of the total deposit (plus interest) less the landlord's valid charges, or double the net amount of money wrongfully withheld from the tenant by the landlord. We are persuaded that the latter approach is required. The plain language of N.J.S.A. 46:8-21.1, especially the reference to "said moneys", bespeaks a Legislative design that the doubling be of the net amount, i.e., the deposit plus interest less any permissible charges. Once a court finds that a landlord wrongfully withheld all or a portion of a security deposit, the tenant cannot reasonably be entitled to statutory damages exceeding twice the amount wrongfully withheld. See MD Assocs. v. Alvarado, 302 N.J.Super. 583, 586, 695 A.2d 760 (App. Div.1997); Jaremback v. Butler Ridge Apartments, 166 N.J.Super. 84, 89 n. 1, 398 A.2d 1339 (App.Div.1979) ("Where the penalty is appropriate under the statute, the only item which should be doubled is the net amount due to the tenant on the security deposit and interest, after deductions of the charges due to the landlord."); London, supra, 176 N.J.Super. at 291, 422 A.2d 1049; see also Mahlon L. Fast, A Guide to Landlord/Tenant Actions in the *741 Special Civil Part of the Superior Court of New Jersey § XII.B.1.a at 166 (5th ed.2000).
We are aware that a conflict may be seen to exist among various courts in this State addressing this issue. We held succinctly in Smith v. Stark, 153 N.J.Super. 48, 51, 378 A.2d 1169 (App.Div.1977), that the tenant "is entitled to an award of double the amount of the security deposit, plus interest thereon, together with costs[,]" and reiterated that formulation in Veliz v. Meehan, 258 N.J.Super. 1, 5, 609 A.2d 45 (App.Div.1992). In Henry v. Estate of Levy, 254 N.J.Super. 489, 491, 603 A.2d 1000 (Law Div.1991), a trial court held that the "penalty is double the amount of the initial deposit and not double the amount ... wrongfully withheld." In Smith and Veliz, neither landlord had made a recognizable claim offsetting a portion of the deposit. That explains the general phrasing of the decisional principle in those cases. MD Assocs. and Jaremback, however, both involved offsetting amounts, leading to the specific holdings we have summarized. Since the instant case also involves an offset due the landlord, we adhere to the entirely sensible view that the tenant's damages under the statute are to be calculated based upon the total due him, not the amount of the initial deposit. To the extent Henry stands for a contrary view, it is overruled.
Plaintiff has made no adequate showing that the trial court misapplied its discretion in making the award of counsel fees and costs ordered. Defendant has not cross-appealed from that award, either. Thus, that determination governs.
Finally, we conclude that the punitive damages sought by plaintiff beyond the double damages provided in N.J.S.A. 46:8-21.1 are not authorized by the statute. The doubling of the amount due is the limit of the punitive measure envisaged by the Legislature.
We affirm as to the award of $600 in counsel fees and $53 in court costs, and as to the denial of additional punitive damages. We reverse as to the denial of double damages, and remand for entry of judgment for plaintiff reflecting a doubling of the amount dueprincipal and interest for the term of the tenancy less valid chargesplus the counsel fees and costs awarded. In calculating the amount due and framing the form of judgment, the trial court shall also determine, after appropriate submissions from the parties, what counsel fees, if any, should be awarded to plaintiff for prosecution of this appeal. See R. 2:11-4 (last paragraph).