915 A.2d 581 (2007)
390 N.J. Super. 335
Taijuana M. HALE, Plaintiff-Appellant,
v.
Jacqualine L. FARRAKHAN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 12, 2006.
Decided February 5, 2007.
*582 Essex-Newark Legal Services, Newark, attorneys for appellant (Felipe Chavana, on the brief).
Respondent did not file a brief.
Before Judges SKILLMAN, LISA and HOLSTON, JR.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The primary issue presented by this appeal is whether a tenant who vacates a *583 residential unit based on the landlord's announced intent to personally occupy the unit bears the burden of proving in a wrongful eviction action that the landlord's failure to actually occupy the unit was arbitrary. We conclude that the landlord has the burden of proving that his or her failure to personally occupy the vacated unit was not arbitrary.
In June or July 2003, defendant leased to plaintiff a second-floor apartment in a two-family dwelling in Newark. The rent was $1,000 per month. Plaintiff paid $359 rent per month, and the Essex County Division of Welfare paid the balance under its temporary rental assistance program. At the beginning of the tenancy, the Division also paid an $818 security deposit on plaintiff's behalf.
In February 2004, defendant filed a summary dispossession action against plaintiff, which was based on plaintiff's anticipated loss of eligibility for temporary rental assistance and the damage she had allegedly caused to the apartment. This action resulted in the entry of a judgment of possession.
After securing the assistance of counsel, plaintiff obtained an order to show cause to set aside the judgment. On the return date, the trial court allowed defendant to provide plaintiff with written notice seeking her eviction on the ground that defendant planned to personally occupy the apartment. Based on this notice, the court entered a new judgment of possession that required plaintiff to vacate by July 31, 2004.
After plaintiff vacated the apartment, defendant failed to return the $818 security deposit either to plaintiff or the Division of Welfare. In August 2004, the Division sent defendant a letter requesting return of the deposit. Defendant responded by letter stating that she had retained the deposit to pay for new carpeting to replace carpeting that had been damaged by plaintiff. According to plaintiff, she was required to reimburse the Division of Welfare for the $818 security deposit retained by defendant.
Plaintiff subsequently filed this damages action in the Special Civil Part. Plaintiff claimed in the first count of her amended complaint that defendant purportedly evicted her so defendant could occupy the second floor apartment herself but then leased the apartment to another tenant, in violation of the Anti-Eviction Act. N.J.S.A. 2A:18-61.1 to -61.12. Plaintiff claimed in the second count that defendant failed to return the $818 security deposit or notify her in writing within thirty days of termination of her tenancy of the disposition of the deposit.
Defendant's answer admitted that she had sought possession of plaintiff's apartment for her personal occupancy and that she did not in fact move into the unit. However, defendant claimed that her failure to occupy the apartment was not arbitrary, because it was "based on a disability." Defendant also asserted that the plaintiff was not entitled to return of the security deposit because plaintiff had caused damage to the apartment that cost more to repair than the amount of the deposit and that defendant gave the required notice of the disposition of the deposit. In addition, defendant filed a counter-claim alleging that plaintiff owed her back rent for another apartment previously leased to plaintiff.
The case was tried in a bench trial. Plaintiff did not present any evidence regarding the circumstances of defendant's failure to personally occupy the premises. At the close of plaintiff's case, defendant moved to dismiss plaintiff's wrongful eviction claim on the ground that plaintiff had not presented any evidence that defendant's *584 failure to occupy the second-floor apartment was arbitrary.
The trial court acknowledged that it would be difficult for plaintiff to prove that defendant's failure to occupy the apartment herself was arbitrary. Nevertheless, the court dismissed plaintiff's wrongful eviction claim for lack of proof on this issue.
Plaintiff testified that defendant did not give her notice of the disposition of the security deposit. Defendant admitted she had not given plaintiff such notice but asserted she was unable to do so because she did not know plaintiff's new address. Defendant also claimed that she had given the required notice to the Division of Welfare, which had paid the security deposit.
The parties presented conflicting testimony regarding the condition of the apartment at the beginning of plaintiff's tenancy, the damage plaintiff allegedly caused during her tenancy, and the condition of the apartment when plaintiff vacated. The trial court resolved the credibility issues presented by this testimony in plaintiff's favor and determined that she was entitled to return of the full $818 security deposit. Nevertheless, the court refused to award plaintiff double damages because she had not provided defendant with a forwarding address to send notice of the disposition of the security deposit. The court also determined that plaintiff was liable to defendant for $382 for unpaid rent for the other apartment she had leased from defendant. The court deducted this unpaid rent from the $818 security deposit and entered final judgment in plaintiff's favor for $436.
On appeal, plaintiff presents two arguments: (1) the trial court erred in placing the burden upon plaintiff to prove that defendant's failure to personally occupy the vacated apartment was arbitrary; and (2) the court had no authority to withhold the doubling of the security deposit defendant failed to return to plaintiff. We agree with both arguments. Therefore, we reverse the judgment and remand the case to the trial court.

I
The Anti-Eviction Act provides that one permissible ground for eviction of a tenant is that "[t]he owner of a building of three residential units or less seeks to personally occupy [the tenant's] unit[.]" N.J.S.A. 2A:18-61.1(l)(3). However, the Act creates a cause of action for wrongful eviction if the landlord requires the tenant to vacate the unit to enable the landlord to personally occupy the unit but then arbitrarily fails to do so. N.J.S.A. 2A:18-61.6(a) provides:
Where a tenant vacates the premises after being given a notice alleging the owner seeks to personally occupy the premises under [N.J.S.A. 2A:18-61.1(l)(3)] and the owner thereafter arbitrarily fails to personally occupy the premises for a total of at least six months . . . but instead permits personal occupancy of the premises by another tenant . . . such owner shall be liable to the former tenant in a civil action for three times the damages plus the tenant's attorney fees and costs.
The issue presented by this appeal is whether the tenant bears the burden of proving, in such a wrongful eviction action, that the landlord's failure to personally occupy the premises was arbitrary.
The Anti-Eviction Act prohibits the eviction of a tenant "except upon [the] establishment of one of the [enumerated] grounds as good cause[.]" N.J.S.A. 2A:18-61.1. We have previously held that this language "places the burden of establishing one of the possible grounds for eviction upon the landlord." Fromet Props., Inc. v. Buel, 294 N.J.Super. 601, 610, 684 A.2d 83 *585 (App.Div.1996); see also 447 Assocs. v. Miranda, 115 N.J. 522, 530-31, 559 A.2d 1362 (1989); Sudersan v. Royal, 386 N.J.Super. 246, 251, 900 A.2d 320 (App.Div.2005); Vill. Bridge Apartments v. Mammucari, 239 N.J.Super. 235, 240, 570 A.2d 1301 (App.Div.1990). Therefore, it is clear that defendant had the burden in the summary dispossession action of proving that she planned to personally occupy plaintiff's apartment.
Although this case involves a wrongful eviction claim by the tenant under N.J.S.A. 2A:18-61.6 rather than a summary dispossession action by the landlord under N.J.S.A. 2A:18-61.1(l)(3), and the issue is not whether defendant planned to occupy the apartment personally but rather whether her subsequent failure to do so was arbitrary, we conclude that the burden of proof should also be placed upon the landlord in this type of action. In holding that a landlord has the burden of proof regarding any disputed fact relevant to "good cause" grounds for eviction under N.J.S.A. 2A:18-61.1, we relied not only upon the language of this section but also the fact that the landlord has superior access to relevant information. See Fromet Props., supra, 294 N.J.Super. at 612-13, 684 A.2d 83; Vill. Bridge Apartments, supra, 239 N.J.Super. at 240, 570 A.2d 1301; see also J.E. ex rel. G.E. v. Dep't of Human Servs., 131 N.J. 552, 569, 622 A.2d 227 (1993) (noting that the Court "generally [has] imposed the burdens of persuasion and production on the party best able to satisfy those burdens."). This same consideration also militates in favor of placing the burden upon the landlord to prove that his or her failure to personally occupy the vacated apartment was not arbitrary. A tenant does not have ready access to the information necessary to disprove a landlord's claim that he or she failed to occupy the apartment vacated by the tenant due to a physical disability or other good cause. On the other hand, a landlord should be easily able to present evidence to establish this defense to a tenant's claim under N.J.S.A. 2A:18-61.6.
Our conclusion that the landlord should bear the burden of proving the non-arbitrariness of his or her failure to personally occupy the vacated apartment is supported by Veliz v. Meehan, 258 N.J.Super. 1, 609 A.2d 45 (App.Div.1992), which held that a landlord has the burden to prove that he or she is entitled to retain some or all of a tenant's security deposit. In reaching this conclusion, we stated:
The landlord is in a superior position to advance such proofs. Indeed, if we were to accept the contrary view, the effect would be that defaulting tenants would automatically lose their security deposits because of the difficulty they would experience in attempting to prove that the landlord was not damaged.
[Id. at 5, 609 A.2d 45.]
As the present case illustrates, a tenant would have comparable difficulty in attempting to prove that a landlord's failure to personally occupy the vacated apartment was arbitrary.
The policies underlying the Anti-Eviction Act also support our conclusion that the landlord should bear the burden of proof regarding the non-arbitrariness of his or her failure to personally occupy the vacated apartment. The Act's general purpose is to "prevent[] the eviction of blameless tenants[,]" Chase Manhattan Bank v. Josephson, 135 N.J. 209, 234, 638 A.2d 1301 (1994), and the specific purpose of the wrongful eviction causes of action created by N.J.S.A. 2A:18-61.6 is to protect tenants against pretextual evictions, see id. at 230-31, 638 A.2d 1301. Placing the burden upon the landlord to prove that his or her failure to occupy the vacated unit was not arbitrary will serve to *586 assure that the landlord's announced intention to personally occupy the unit is not used as a pretext to remove the tenant for some other reason.
For these reasons, the trial court erred in dismissing the wrongful eviction claim at the close of plaintiff's case, and the case must be remanded for a retrial of this claim.

II
N.J.S.A. 46:8-21.1 seeks to assure that landlords provide tenants with a prompt accounting of any damages to leased premises and return any portion of a security deposit that is not required to pay for such damages, by providing:
Within 30 days after the termination of the tenant's lease . . . the owner . . . shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of [the] . . . lease . . . to the tenant[.] . . . The interest or earnings and any such deductions shall be itemized and the tenant . . . notified thereof by personal delivery, registered or certified mail.
. . . .
In any action by a tenant . . . for the return of moneys due under this section, the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.
This statute "recognizes that the security deposit remains the tenant's money, although it is designed to provide some protection from loss to the landlord." MD Assocs. v. Alvarado, 302 N.J.Super. 583, 586, 695 A.2d 760 (App.Div.1997). "Therefore, once a judge finds that the landlord has wrongfully withheld all or part of a security deposit, the tenant is entitled to the statutory penalty of double the amount wrongfully withheld." Ibid. A court may not withhold the statutorily mandated doubling of a wrongfully retained security deposit based on its view that the landlord's violation of N.J.S.A. 46:8-21.1 was de minimus or other equitable considerations. Kang In Yi v. Re/Max Fortune Props., Inc., 338 N.J.Super. 534, 537-38, 770 A.2d 738 (App.Div.), certif. denied, 169 N.J. 610, 782 A.2d 428 (2001); Gibson v. 1013 N. Broad Assocs., 172 N.J.Super. 191, 194-95, 411 A.2d 711 (App.Div.1980).
In refusing to double plaintiff's wrongfully retained security deposit, the trial court relied on plaintiff's alleged failure to provide defendant with her new address and defendant's communications with the Division of Welfare regarding the withheld deposit. Although the court did not cite any authority for this ruling, there is a published trial court opinion which holds that "when the landlord does not know where the tenant has moved, and makes diligent, good faith efforts to find tenant without success, then the giving of notice required by the statute should be excused." Alston v. Thomas, 161 N.J.Super. 403, 405, 391 A.2d 978 (Cty.Dist.Ct.1978).
Assuming the correctness of this holding, it has no applicability under the facts of this case. Defendant did not present evidence that could support a finding that she made "diligent, good faith efforts" to find plaintiff. Moreover, defendant's letter notifying the Division of Welfare that she was retaining the security deposit was sent only after the Division contacted her regarding the return of the deposit.
In any event, plaintiff's claim to the doubling of the security deposit was not based on defendant's delay in providing the notification required by N.J.S.A. 46:8-21.1, but rather the court's finding that the *587 deposit was wrongfully retained. Defendant persisted throughout the trial in her claim that she was entitled to retain the entire security deposit, and the court heard extensive testimony from both parties regarding this claim, which the court ultimately resolved in plaintiff's favor. Therefore, even if defendant had provided notification within thirty days of termination of the tenancy of the damages that she claimed warranted retention of the security deposit, plaintiff would have been entitled to a judgment for double that amount upon the court's determination that the entire deposit had been wrongfully retained. See London v. Rothman Realty Corp., 176 N.J.Super. 288, 290-91, 422 A.2d 1049 (Cty.Dist.Ct.1980).
Accordingly, we reverse the dismissal of plaintiff's wrongful eviction claim and remand the case to the trial court for a retrial of that claim. We reverse the part of the judgment that withheld the required doubling of the wrongfully retained security deposit and remand for entry of an amended judgment that provides for such doubling.