**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1917-17T2

INGRID VALDIVIA and
DINO VALDIVIA,

      Plaintiffs-Respondents,

v.

JOHN DERAFFELE,

      Defendant-Appellant.

_____

Submitted October 18, 2018 – Decided March 28, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket DC-011047-16.

John DeRaffele, appellant pro se.

Respondents have not filed briefs.

PER CURIAM

      Defendant John DeRaffele appeals from the September 12, 2017 judgment

of the Special Civil Part awarding plaintiffs Ingrid Valdivia and Dino Valdivia

double a portion of their security deposit on a residential lease, damages associated with having to vacate their home temporarily, attorney's fees, and costs. We affirm in part, reverse in part, and remand for entry of a revised judgment.

I.

The following facts are derived from the record. DeRaffele owns a one-family house in Bergen County. Plaintiffs began a month-to-month tenancy at the house on April 1, 2015. The parties' lease set rent at $1500 a month, to be paid on the first of the month, and required a $1500 security deposit. The lease required thirty-days' notice to terminate and subjected plaintiffs to a $1500 re-rent levy in the event they vacated the premises without providing notice.

According to DeRaffele, in early January 2016, plaintiffs expressed their desire to vacate the house for financial reasons. However, they did not provide notice of termination of the lease, did not vacate the premises, and did not pay rent on January 1, 2016. DeRaffele served a notice to cure and a three-day rent demand on plaintiffs, ultimately resulting in their paying the January 2016 rent.

Plaintiffs also did not pay the rent due on February 1, 2016. As a result, on February 12, 2016, DeRaffele served a notice to cure and a three-day rent demand on plaintiffs. Two days later, on February 14, 2016, the heating system

in the home stopped working. Ingrid[1] testified that she awoke that morning to a frigid home and contacted the police department. She left the apartment with her daughters when instructed to do so by municipal officials. Dino was not home at the time. Because of the cold temperature outside, the municipality paid for plaintiffs to stay at a hotel that night.

DeRaffele had the heater replaced by a contractor the next day, February 15, 2016. According to Francisco Martinez, a handyman present in the home on February 15, 2016, the heater could not be repaired because someone had tampered with a valve, causing damage. Following DeRaffele's instructions, Martinez purchased a new heater and brought it to the home, where Dino let him and the contractor enter the house. The contractor installed the new heater. Martinez testified that once the replacement heater was installed and operating, he and Dino walked through each room of the house to ensure that the heat was on. Martinez used a thermometer to record a temperature of sixty-eight degrees.

Ingrid testified that she returned to the home on February 15, 2016, to retrieve clothing and discovered an activated carbon monoxide alarm and black smoke pouring from the new heater. She testified that she called the fire department, which, in turn, contacted the gas utility company, and shut down

---

[1] As plaintiffs share a surname, we use first names. No disrespect is intended.

A-1917-17T2

the street on which the house is located. However, moments later, Ingrid testified that she arrived at the home to find the street closed and the fire department on scene, but was let into the home to retrieve clothing. When pressed on cross-examination, Ingrid admitted that she could not produce evidence that the fire department responded to the house on February 15, 2016.

Plaintiffs produced no evidence that the house was declared uninhabitable or that they were instructed to vacate the home after the heater was replaced. Plaintiffs, however, stayed in a hotel at the municipality's expense for two weeks. DeRaffele testified that he was unaware plaintiffs refused to return to the house or that they were staying at a hotel. The municipality did not seek reimbursement for the hotel stay. Ingrid testified that she returned to the home a few times "each week" after February 15, 2016, to retrieve clothing and that on each occasion the house was cold because the heater was off. She did not testify that she attempted to turn the heater on to warm the house.

On or about February 19, 2016, DeRaffele initiated eviction proceedings against plaintiffs for failure to pay the February 2016 rent. Ingrid testified that on that day, she sent DeRaffele a text demanding the return of the security deposit, and told him that the family was vacating the house. The text was not admitted as evidence. DeRaffele denies receiving any communications from

4

plaintiffs notifying him of their intention to terminate the lease. Ingrid testified that in response to her text DeRaffele told her to find a new place to live.

Ingrid claimed that once the two-week hotel stay ended, plaintiffs moved to a hotel they paid for, then to the home of a family member, and ultimately slept in a car. She produced no evidence supporting her claim that plaintiffs paid for a hotel room or for any other expense after they left the house. Nor did Ingrid testify as to a specific or estimated amount plaintiffs spent on the hotel room or for other expenses.

Plaintiffs failed to pay the rent due on March 1, 2016, and rented an apartment on March 15, 2016. According to DeRaffele, plaintiffs did not vacate his property until March 22 or 23, 2016. Other than Ingrid's testimony that she removed some of her clothing during weekly visits to the house, plaintiffs produced no evidence with respect to when they removed their belongings, furniture, and clothing from the house.

On March 22, 2016, the parties appeared in court for a hearing on eviction proceedings relating to the unpaid February 2016 rent. Ultimately, plaintiffs agreed to pay the entire rent for February 2016. Although plaintiffs were represented by counsel, they did not claim that they were constructively evicted on February 14, 2016.

5

At the March 22, 2016 hearing, DeRaffele attempted to collect the unpaid March 2016 rent. His demand was denied because he did not include the amount of rent due for March 2016 in his pleadings. Plaintiffs never paid the March 2016 rent and DeRaffele did not return the $1500 security deposit to plaintiffs.

On August 16, 2016, plaintiffs filed a complaint in the Special Civil Part alleging they were constructively evicted from the home on February 14, 2016. They sought $9000 in relocation damages under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1h(a), double their security deposit under the Security Deposit Act (SDA), N.J.S.A. 46:8-21.1, rent abatement for half of February 2016, $4500 in attorney's fees, interest, and court costs.

DeRaffele filed an answer denying plaintiffs' claims, and a counterclaim alleging plaintiffs did not vacate the house until March 22 or 23, 2016, allowing him to retain their security deposit to cover the March 2016 rent, and that he was entitled to a monetary award to repair damage done to the property by plaintiffs. DeRaffele also alleged that plaintiffs did not give him notice of their intent to vacate the premises, subjecting them to a penalty of $1500.

After a bench trial, the court issued an oral opinion concluding that plaintiffs did not establish they were constructively evicted from the house on February 14, 2016. The court found that plaintiffs moved out of the home for

6

two days because of a short-term heating problem that was resolved on February 15, 2016. In addition, the court found no evidence in the record that plaintiffs' lease was illegal or the home uninhabitable. Thus, the court concluded plaintiffs were not entitled to an abatement of rent for February 2016 or relocation expenses under N.J.S.A. 2A:18-61.1h(a).

The court awarded plaintiffs $500 for expenses associated with having temporarily moved from the house. Although acknowledging plaintiffs produced no evidence that they paid for any expenses, and recognizing the municipality paid for their hotel room for the two days in question, the court awarded plaintiffs $500 for "gasoline and travel." This finding was made despite the fact that there is no testimony or other evidence in the record regarding the distance from the house to the hotel, how plaintiffs traveled to the hotel, or whether they purchased or used gasoline to get to the hotel in excess of what they would have used had the heater been working.

The court made no finding with respect to when plaintiffs terminated their tenancy. As a result, the court did not address DeRaffele's claim that plaintiffs owed rent for March 2016, and that they failed to provide timely notice of their intention to terminate the lease.

A-1917-17T2

With respect to plaintiffs' security deposit, the court disallowed all offsets claimed by DeRaffele for damages, except for $225 for "general cleanup," clearing the yard, and shampooing the rugs. The court awarded plaintiffs $2550, representing twice the remaining $1275 of the security deposit. Finally, the court awarded plaintiffs $850 in attorney's fees, plus court costs. The court entered a judgment in favor of plaintiffs for $3800, plus costs.[2]

This appeal followed. DeRaffele argues that the trial court erred by not addressing plaintiffs' obligation to pay the March 2016 rent, and their failure to provide notice of termination of the lease. In addition, he argues that the court erred by awarding $500 for expenses not supported by evidence, and by denying further offsets to the security deposit, and in awarding attorney's fees. Finally, DeRaffele argues that the trial court did not devote sufficient time to considering the evidence prior to issuing its decision.

## II.

Our scope of review of the judge's findings in this nonjury trial is limited. We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort,

---

[2]  The court erred in its calculation of damages. The damages awarded to plaintiffs, $500, $2550, and $850, equals $3900, not $3800.

Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995).

We begin our analysis with a review of the trial court's conclusion that plaintiffs were not constructively evicted from the house on February 14, 2016. The record contains ample evidence supporting the court's finding that DeRaffele had the heater replaced on February 15, 2016. We therefore affirm the trial court's conclusion that plaintiffs are not entitled to an abatement of their February 2016 rent. See Chess v. Muhammad, 179 N.J. Super. 75, 80 (App. Div. 1981) ("[T]enants are not entitled to an abatement when the landlord repairs the defective condition within a reasonable time after learning of its existence").

In addition, we affirm the trial court's conclusion that plaintiffs are not entitled to relocation expenses under N.J.S.A. 2A:18-61.1h(a). That statute allows for the award of six times the monthly rent to a tenant "displaced because

of an illegal occupancy in a residential rental premises[.]"  The record contains no evidence that plaintiffs' rental of DeRaffele's house was illegal.

We do not reach the same conclusion with respect to the trial court's award of $500 in damages to plaintiffs for having been displaced from the home for two nights.  It is undisputed that on the two nights in question plaintiffs stayed at a hotel, the cost of which was paid by the municipality.  Plaintiffs produced no evidence that the municipality requested reimbursement or that they incurred any expense as a result of having to stay in the hotel.  This is true with respect to travel and gasoline expenses, which were awarded by the trial court.  The record contains no specific evidence regarding the distance between the house and the hotel, how plaintiffs traveled to the hotel, and whether they used more gasoline than they otherwise would have had they stayed at the house those two nights.  The award of $500 in damages is, therefore, not based on substantial credible evidence and is reversed.

With respect to the trial court's award of double a portion of plaintiffs' security deposit, a finding of when plaintiffs vacated DeRaffele's house is essential to determine whether they are entitled to relief under the SDA.  "It is only the portion of the security deposit that is unlawfully held that can be doubled under N.J.S.A. 46:8-21.1."  Lorril Co. v. La Corte, 352 N.J. Super. 433,

442 (App. Div. 2002). "[T]he tenant's damages under the statute are to be calculated based upon the total due him, not the amount of the initial deposit." Yi v. Re/Max Fortune Props., Inc., 338 N.J. Super. 534, 539 (App. Div. 2001).

As noted above, the trial court made no specific finding with respect to when plaintiffs vacated the house. Rather than remand the matter for a finding of fact on this issue, we elect to exercise our original jurisdiction to determine when plaintiffs vacated the house. We "may exercise such original jurisdiction as is necessary to the complete determination of any matter on review." R. 2:10-5; see also Farmingdale Realty Co. v. Borough of Farmingdale, 55 N.J. 103, 106 (1969) (finding that appellate courts may engage in findings of fact pursuant to the "constitutional grant of necessary original jurisdiction to appellate courts").

There is considerable evidence in the record that plaintiffs remained at the property after March 1, 2016. DeRaffele testified plaintiffs did not vacate the premises until March 22 or 23, 2016. At a hearing on March 22, 2016, plaintiffs, who were represented by counsel, paid the entire February 2016 rent and DeRaffele's attempt to collect the March 2016 rent was denied only because he did not write the amount of rent due for that month on his complaint. During her testimony, Ingrid acknowledged attending the March 22, 2016 hearing, at which she did not argue that plaintiffs had vacated the house before March 1,

2016. She testified that it was her understanding that DeRaffele's demand for the March 2016 rent was denied because he appeared at the hearing without counsel.

More importantly, Ingrid testified that she returned to the house several times "each week" after February 14, 2016 to retrieve her clothing. She did not expressly deny having moved out on March 22 or 23, 2016, and did not state when she, Dino, and their children removed all of their clothing, possessions, and furniture from the house.

We find that plaintiffs occupied the house after March 1, 2016. DeRaffele's testimony on this point was essentially undisputed. In addition, we conclude that had plaintiffs moved out of the house prior to March 1, 2016, they would not have paid all of the February 2016 rent at the March 22, 2016 hearing. In addition, we find Ingrid's failure to identify at trial the date she and her family moved out probative of the fact plaintiffs did not vacate the home until after March 1, 2016.

Because we conclude that plaintiffs vacated the house after March 1, 2016, we reverse the trial court's award of $2550 to plaintiffs under the SDA. Plaintiffs owed DeRaffele $1500 in rent for March 2016. He was, therefore, entitled to use plaintiffs' security deposit to cover that amount. Because

A-1917-17T2

plaintiffs were not entitled to recovery under the SDA, we also reverse the trial court's award of $850 in attorney's fees to plaintiffs. See N.J.S.A. 46:8-21.1 (permitting the award of attorney's fees only "upon finding for the tenant").

We turn to DeRaffele's argument that the trial court erred by not allowing additional amounts to cure damages at the house after plaintiffs moved out. Having carefully reviewed the record, we conclude that the trial court's findings of fact on this point are supported by the record. We therefore affirm the award of $225 to DeRaffele for repairs at the house.

Finally, we address DeRaffele's argument that the trial court erred when it failed to make a finding with respect to whether plaintiffs provided the contractually required thirty-days' notice of their intention to terminate the lease. We think it implicit in the trial court's findings of fact that DeRaffele was on notice as of his February 19, 2016 exchange with Ingrid that plaintiffs intended to terminate the lease. Ingrid testified that on that date she demanded the return of plaintiffs' security deposit and that DeRaffele told her to vacate the home and find a new place to live. Plaintiffs left the house slightly more than thirty days later. We affirm the trial court's implicit rejection of DeRaffele's claim for $1500 in damages for plaintiffs' violation of the notice provision of the lease.

To the extent we have not specifically addressed any of DeRaffele's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for entry of a judgment in favor of DeRaffele in the amount of $225, plus costs.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1917-17T2