**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2858-18T4

NORMAN OSTROW, INC.,

    Plaintiff-Appellant,

v.

FAWZY MEGALLA GAD,
GEORGE MEGALLA, and
ADEL MEGALLA,

    Defendants-Respondents.

_____

Submitted December 1, 2020 – Decided January 15, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-001286-18.

Savio D. Figaro, attorney for appellant.

Respondents have not filed briefs.

PER CURIAM

In this landlord/tenant ejection action, the agent of the landlord, Norman

Ostrow, Inc. (Landlord or plaintiff), appeals from two March 18, 2019 orders

that (1) dismissed its complaint for ejectment with prejudice; and (2) denied its motion for reconsideration. After conducting a bench trial, the trial court found that defendant Fawzy Megalla Gad (Fawzy) was a tenant and the Landlord had established no grounds for his eviction.[1] Because those findings are supported by substantial credible evidence and are consistent with the governing law, we affirm.

I.

We discern the facts from the record. The apartment at issue is E2 (the Apartment), located in a building at 821 Bergen Avenue in Jersey City. The building manager began managing the apartment building on behalf of Bergen Avenue Associates on or about August 1, 1988. At that time, no written lease existed for the Apartment, nor was one subsequently executed. The Landlord's records reflected that one person lived in the Apartment: Nabil El Rab.

On July 31, 2017, the Landlord filed a complaint seeking a judgment of possession against El Rab. A default judgment was entered. Thereafter, George Megalla (George) claimed he was a functional co-tenant living in the Apartment.

---

[1] Multiple variations of Fawzy Megalla Gad's name appear in the record. We use "Fawzy" because that is how he identified himself in a certification he filed. We also use Fawzy to distinguish him from George Megalla and Adel Megalla.

A-2858-18T4

On December 19, 2017, the court ruled that George had no tenancy rights and the Landlord was entitled to possession of the Apartment.

On January 15, 2018, Fawzy, who is George's cousin, filed an application to vacate the judgment and dismiss the complaint. Fawzy was neither named nor a participant in the earlier proceedings and contended he was a tenant of the Apartment since 1989 with George and their cousin Adel Megalla (Adel).

In response, the Landlord filed an order to show cause seeking possession of the Apartment and a writ to eject Fawzy, George, and Adel. It also filed a verified complaint identifying Fawzy, George, and Adel as non-tenants "inhabiting and/or in possession of the Premises." The Landlord sought summary action pursuant to Rule 4:67-1(a).

A bench trial was conducted on seven non-consecutive days, beginning February 21, 2018, and concluding August 17, 2018. During the proceedings, the court received exhibits and heard testimony from Stephen Lesko, the Landlord's authorized agent, George, and Fawzy.

Lesko testified that "[a]s far as [he] kn[ew]" El Rab was the only person living in the Apartment. He acknowledged that other individuals were "coming and going" but were never identified as tenants by the Landlord's staff. Lesko

could not recall meeting Fawzy, but he had met George when George "delivered rents on behalf of Nabil El Rab."

Regarding rent, Lesko acknowledged receipts were issued "for cash payments only" absent an in-person request by a tenant. When asked whether the Landlord's records reflected which rent payments "were delivered by somebody other than Nabil El Rab," Lesko responded "No." He later clarified the Landlord's records reflected deposits of two payments by check from Fawzy in 2001, and another in 2003, which was returned "because he was not a tenant." Lesko contended the earlier checks were accepted "in error."

George and Fawzy testified regarding their occupation of the Apartment and dealings with the Landlord's staff. George claimed that in 1989 he notified Lesko that Fawzy was residing in the Apartment. He was impeached with testimony he gave on October 24, 2017, wherein he stated Fawzy did not live with him at the time one of Fawzy's rent checks was written.

Fawzy testified that he met Lesko in 1989. He alleged that when Lesko was informed he would be staying with El Rab in the Apartment, Lesko responded "okay, no problem." Fawzy also testified that he paid rent, often in cash. When he personally delivered cash payments, he received receipts in El Rab's name. Bank records submitted by Fawzy at trial reflected the Landlord

accepted and deposited seven check payments from him – four in 2000 and three in 2001. An eighth check, offered in 2003, was rejected and mailed to El Rab because the Landlord "d[id] not accept third party checks." Fawzy acknowledged using other addresses for his mail and owning other properties.

On August 30, 2018, the trial court made findings of fact and conclusions of law on the record. The court determined that Fawzy made several rent payments to the Landlord. The court also rejected the Landlord's contention that, if Fawzy had a tenancy, he had abandoned it. In that regard, the court found that position was undercut by the Landlord's verified complaint, which "state[d] that Fawzy Magalla [sic] is inhabiting or in possession of the unit."

The court went on to find as credible Fawzy's testimony that he moved in with Adel in 1989. The court noted that no lease prohibited Fawzy's residence and Fawzy made payments in his own name that the Landlord accepted on multiple occasions. Accordingly, the court concluded "the landlord acquiesced to [Fawzy] being . . . a tenant in that property as early as 1989."

Next, the court determined there was never a complaint filed to terminate Fawzy's tenancy. It found the contention that Fawzy "may have lived in other buildings and continues to live in other buildings" did not satisfy the Landlord's burden of proving "by a preponderance of the evidence that [Fawzy] abandoned

his tenancy[.]" Accordingly, the complaint for ejectment as to Fawzy was dismissed with prejudice.

The Landlord filed a motion for reconsideration, which was heard on January 22, 2019. The court iterated its finding that Fawzy established a tenancy, not a functional tenancy. In response to the Landlord's arguments, the court requested the Landlord to cite a statute, case, or lease establishing Fawzy's obligation to continuously reside in the Apartment. The Landlord offered no authority supporting its position.

The court went on to reason that the matter was "not a non-payment of rent case." Rent was paid for the Apartment until March 2017, when the Landlord ceased accepting payment as part of its legal actions. The court characterized the Apartment's occupants, including Fawzy, as "people living in an apartment . . . paying their rent every month[,]" who were "functioning under the procedure established by this landlord." It agreed that Fawzy's testimony "wasn't 100[%] truthful," but found "that there was truth in the fact that he made these payments and he created a tenancy."

The court also took issue with the Landlord's inaction, noting it first took steps to terminate or remove Fawzy under a theory of abandonment in 2018, nearly thirty years after his tenancy began. The court ultimately determined no

evidence supported the Landlord's positions. Accordingly, the motion was denied.

An order dismissing the Landlord's complaint with prejudice and an order denying the motion for reconsideration were filed on March 18, 2019. This appeal followed.

## II.

On appeal, the Landlord contends that the trial court erred in (1) requiring it to prove that Fawzy was not a current occupant of the Apartment; and (2) relying solely on the verified complaint to find that Fawzy was in possession of the Apartment. Both arguments misconstrue the actual findings and holding of the trial court. The Landlord's arguments are premised on its belief that Fawzy needed to establish that he was a functional tenant. The trial court, however, found that Fawzy was a tenant. That finding is supported by the credible evidence at trial, and we therefore affirm the trial court's orders.

## A.

A ruling on a complaint for possession is reviewed for abuse of discretion. Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 236 (1998) (citation omitted). Accordingly, our review "does not consist of weighing evidence anew and making independent factual findings[,]" but "determin[ing] whether there is

A-2858-18T4

adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citation omitted).

A judge's factual findings made following a bench trial are accorded deference and will be left undisturbed so long as they are supported by substantial credible evidence. Reilly v. Weiss, 406 N.J. Super. 71, 77 (App. Div. 2009) (quoting Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008)) (noting appellate courts "do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence."). No deference is owed to the trial court's interpretation of law or legal consequences flowing from its findings of fact. D'Agostino v. Maldonado, 216 N.J. 168, 182-83 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

B.

New Jersey permits summary actions for the possession of real property where an occupant "has no colorable claim of title or possession[.]" R. 6:1-2(a)(4). The Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12 (the Act), limits the grounds on which tenants can be evicted. 447 Assocs. v. Miranda, 115 N.J. 522, 531 (1989).

The Act "was designed to protect residential tenants against unfair and arbitrary evictions[.]" Id. at 528 (citations omitted). Consequently, it provides that a tenant cannot be evicted in a summary dispossession proceeding unless a landlord provides sufficient notice and establishes one of eighteen enumerated grounds for eviction. Maglies v. Estate of Guy, 193 N.J. 108, 120-21 (2007) (quoting N.J.S.A. 2A:18-61.1). "When a person is protected by the Act, 'the effective term of the [tenancy] is for as long as the tenant wishes to remain, provided he pays the rent . . . and provided there is no other statutory cause for eviction under [the Act]." Id. at 121 (second alteration in original) (quoting Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350 (App. Div. 1993)).

A written lease is not required to establish tenancy or entitlement to the Act's protections. See 447 Assocs., 115 N.J. at 532 (citing Young v. Savinon, 201 N.J. Super. 1, 7-8 (App. Div. 1985)). "Generally, the relation of landlord and tenant may be implied or presumed where there is an occupancy of land under an agreement with the owner to pay rent or accompanied by the payment of rent." 22 N.J. Practice, Landlord and Tenant Law § 2.11 (Raymond I. Korona) (5th ed. 2020). Where tenancy has been established, the landlord alone "has the burden of proof regarding any disputed fact relevant to 'good cause' grounds for

eviction[.]"  Hale v. Farrakhan, 390 N.J. Super. 335, 341 (App. Div. 2007) (citations omitted).

Here, the trial court determined the parties' conduct established Fawzy's tenancy, notwithstanding the absence of a written lease.  The tenancy was created by Fawzy's occupation of the Apartment in 1989 and rent payments – some of which were in his name and admittedly accepted by the Landlord.

The court's findings were supported by Fawzy's, George's, and Lesko's testimony, as well as copies of rent checks.  Fawzy testified he paid the rent by giving money to George.  Moreover, the Landlord acknowledged rent was paid for the Apartment until it stopped accepting payments when it initiated legal proceedings in 2017.

The Landlord challenges Fawzy's and George's credibility.  Nevertheless, Lesko could not say who was paying the rent for the Apartment.  Accordingly, the court chose to accept Fawzy's testimony that he was paying the rent over Lesko's lack of knowledge.  We discern no error in the trial court's acceptance of Fawzy's testimony.  See Mountain Hill, 399 N.J. Super. at 498 (citations omitted) (noting reviewing courts "are not in a good position to judge credibility and ordinarily should not make new credibility findings.").

A-2858-18T4

Additionally, as the court noted, the Landlord's decision not to issue a written lease to the parties residing in the Apartment precluded it from knowing who lived there or contending that Fawzy had to stay at the Apartment a given number of days before being considered to have abandoned the Apartment. We discern no abuse of discretion in those determinations by the trial court. See Spangenberg v. Kolakowski, 442 N.J. Super. 529, 536 (App. Div. 2015) (citations omitted) (noting an abuse of discretion may be found where findings "inconsistent with or unsupported by competent evidence" were made).

Because Fawzy was considered a tenant with rights under the Act, the Landlord had to establish good cause for his eviction. Harris, 155 N.J. at 239-40. The court found that the Landlord had established none. Thus, dismissal logically followed. See N.J.S.A. 2A:18-61.1.

A review of the record does not support the Landlord's contentions that the court misplaced the burden of proving Fawzy's occupancy and relied "solely" on its verified complaint in finding Fawzy was in possession of the Apartment. The court explicitly stated Fawzy bore the burden of establishing – and did establish – his tenancy.

Notably, the Landlord seemingly misunderstands Fawzy's obligation. The Landlord argues Fawzy is not a tenant because (1) he has not established he

continuously or currently occupies the Apartment; and (2) he has not made substantial contributions toward the tenancy's financial obligations. These are two of the three elements necessary to establish a "functional tenancy;" the third being "contribution has been acknowledged and acquiesced to by" the Landlord. See Maglies, 193 N.J. at 126. These elements have no relevance in this matter because the court found that Fawzy has a tenancy, not a functional tenancy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2858-18T4