**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1928-17T3

JOHN KARGBU,

     Plaintiff-Respondent,

v.

SUJUAN WANG,

     Defendant-Appellant.

_____

     Submitted December 20, 2018 – Decided January 18, 2019

     Before Judges Whipple and DeAlmeida.

     On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. SC-000441-17.

     Sujuan Wang, appellant pro se.

     Respondent has not filed a brief.

PER CURIAM

     Defendant Sujuan Wang appeals from two orders of the Special Civil Part in this landlord-tenant matter: (1) the October 17, 2017 order directing her to

return to plaintiff John Kargbo[1] double his security deposit, plus costs, pursuant to N.J.S.A. 46:8-21.1; and (2) the November 8, 2017 order denying reconsideration of the prior order. We affirm.

I.

The following facts are derived from the trial court record. In March 2017, Kargbo signed a lease to rent a residential unit owned by Wang in Bound Brook. He gave Wang a security deposit of $1050. A dispute arose between the parties with respect to the reliability of electrical services in Kargbo's unit, resulting in Kargbo being evicted from the unit effective July 14, 2017. Wang did not return Kargbo's security deposit. On September 15, 2017, Kargbo filed a complaint seeking the return of his security deposit.

The matter was tried on October 17, 2017. Karbgo and Wang testified. Wang admitted that after Karbgo vacated the unit, she did not notify him in writing that she intended to withhold his security deposit. Nor did she give Kargbo an itemized list of deductions from his security deposit to which she claimed entitlement. Wang testified that she did not send Kargbo a written

---

[1] Although the caption identifies plaintiff as John Kargbu, the complaint he signed identifies him as John Kargbo. The trial court orders identify plaintiff as John Kargbu and John Kargbo. We assume that the pleading signed by plaintiff correctly reflects his name.

A-1928-17T3

notice or an itemization of deductions because she did not have his forwarding address and because he left the unit without asking for anything in writing about his security deposit.

In a bench opinion, the court concluded that Wang failed to comply with N.J.S.A. 46:8-21.1 by failing to provide written notice to Kargbo within thirty days of the termination of his lease that she intended to withhold his security deposit and by failing to provide Kargbo with an itemized list of claimed deductions from the security deposit. Observing that the statute requires the award of double an improperly withheld security deposit, the court awarded Kargbo $2100, twice his $1050 security deposit, plus costs.[2] An order memorializing the court's decision was entered on October 17, 2017.

That same day, Wang filed a motion for reconsideration. On November 8, 2017, the court entered an order denying Wang's motion for reconsideration.

---

[2] Kargbo also sought damages from Wang for medical expenses he alleged to have incurred as the result of a fall at the subject property, and for damage to his personal property as a result of having been locked out by Wang. The court found that plaintiff did not prove these claims. Kargbo did not file an appeal.

A-1928-17T3

The record does not contain a statement of reasons explaining the court's decision. This appeal followed.[3]

On appeal, Wang repeats her argument that she could not comply with N.J.S.A. 46:8-21.1 because Kargbo did not give her his new address when he vacated the unit. Incongruously, she also argues that on the day that Kargbo vacated the unit, she explained to him why she did not intend to return his security deposit and that he agreed he was not entitled to its return. She also argues that the trial court's decision was the result of bias on the part of the tribunal.

II.

Our scope of review of the judge's findings in this nonjury case is limited. We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine

---

[3] On October 17, 2017, Wang also filed a complaint against Kargbo seeking overdue rent, utilities, court costs, and reimbursement for damage to a window and door at the property. The record contains a December 18, 2017 order dismissing Wang's complaint as barred by the entire controversy doctrine. That order is not before the court.

whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We only review de novo the court's legal conclusions. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Security Deposit Act (SDA), N.J.S.A. 46:8-19 to -26, "was specifically 'intended to protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use.'" Reilly v. Weiss, 406 N.J. Super. 71, 83 (App. Div. 2009) (quoting Jaremback v. Butler Ridge Apartments, 166 N.J. Super. 84, 87 (App. Div. 1979)). The SDA "'recognizes that the security deposit remains the tenant's money, although it is designed to provide some protection from loss to the landlord.'" Hale v. Farrakhan, 390 N.J. Super. 335, 342-43 (App. Div. 2007) (quoting MD Assocs. v. Alvarado, 302 N.J. Super. 583, 586 (App. Div. 1997)).

N.J.S.A. 46:8-21.1 requires the landlord to return the tenant's security deposit and interest accrued "[w]ithin 30 days after the termination of the . . . lease . . . less any charges expended in accordance with the terms of [the] lease[.]" Any deduction the landlord makes must be "itemized" and notice must be forwarded to the tenant. Ibid. If the landlord violates the statute, the tenant

may bring suit, and "the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees." Ibid.

Having carefully reviewed Wang's arguments in light of the record and applicable legal principles, we are satisfied that the trial court's findings of fact and conclusions of law are well supported. Wang admitted that she failed to provide written notice or an itemization of deductions to Kargbo. In addition, Wang produced no evidence at trial supporting her entitlement to withhold any portion of Kargbo's security deposit. In addition, because Wang did not address the basis for her motion for reconsideration, or include a transcript of the court's decision on the motion, we find her challenge to the November 8, 2017 order to be without sufficient merit to warrant discussion in a written opinion. Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1928-17T3