166 N.J. Super. 84 (1979)
398 A.2d 1339
MELODY JAREMBACK, PLAINTIFF-RESPONDENT,
v.
BUTLER RIDGE APARTMENTS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1979.
Decided February 14, 1979.
*85 Before Judges LORA, MICHELS and LARNER.
*86 Mr. William T. Smith argued the cause for appellant (Messrs. Hook and Torack, attorneys).
Mr. Richard P. Blender argued the cause for respondent (Messrs. Rosenthal & Rubinowitz, attorneys).
The opinion of the court was delivered by LARNER, J.A.D.
This appeal involves the construction and application of N.J.S.A. 46:8-21.1 which establishes the rights and duties of landlords and tenants with respect to the disposition of a security deposit at the expiration of a tenancy.
Plaintiff-tenant brought the action pursuant to the statute to recover double the amount of the security deposit plus costs and attorneys' fees. The landlord denied that any moneys were due to plaintiff and counterclaimed for unpaid rent and other charges due under the provisions of the lease.
The facts as stipulated by the parties consist of the following. The tenant rented an apartment for a period of one year, effective May 1, 1976, pursuant to a written lease at a rental of $235 a month, and posted a security deposit of $352.50. She vacated the apartment on March 4, 1977, admittedly knowing that she owed $559.10 for back rent and other charges. As of the time the tenant left the premises, the security deposit plus accrued interest amounted to $361.15, thereby leaving a net balance due to the landlord of $197.95.
The central issue herein arises out of the failure of the landlord to comply strictly with the statutory requirement that he notify the tenant by registered or certified mail of the itemization of the deductions made from the security deposit for charges due under the terms of the lease. Apparently the landlord did forward a letter containing this data by regular mail, and requesting payment of the net balance of $197.95, but the tenant denied having received the same.
The trial judge found that the landlord's failure to comply with the certified or registered mail notice required by the *87 statute subjected him to a penalty of double the amount of the security deposit plus interest and costs, less a set-off of the amount admittedly due to the landlord. In his discretion he also allowed a counsel fee of $125, plus $50 as trial expenses, resulting in a judgment for the tenant in the sum of $329.55 plus double the costs.
Under the stipulated facts the court erred in granting judgment to plaintiff. The applicable statute N.J.S.A. 46:8-21.1, provides:
Within 30 days after the expiration of the term of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest earned thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement. Any such deductions shall be itemized and the tenant or licensee notified thereof by registered or certified mail. In any action by a tenant or licensee for the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorneys' fees.
This legislation was intended to protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use. Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972). Nevertheless, the penalty provision of double recovery, costs and attorneys' fees can only be invoked as the Legislature mandated.
The statute provides in clear and unmistakable terms that in an action for "the return of moneys due under this section, the court upon finding for the tenant or licensee shall award recovery of double the amount of said moneys * * *." The "moneys" referred to represent the net amount due to the tenant for the security deposit and interest "less any charges expended [by the landlord] in accordance with the terms" of the lease.
Thus, in the absence of an affirmative recovery for the tenant after the deduction of moneys due to the landlord *88 from the amount of security deposit plus interest, there is no warrant for the imposition of the statutory penalty.
The statute does not create a penalty consisting of double the amount of the security deposit, unless in the account between landlord and tenant there are no moneys due to the landlord. However, where the tenant concededly owes moneys to the landlord for unpaid rent or other charges, it is the net balance due to the tenant which is the basis of admeasuring the penalty of double damages. See Spialter v. Testa, 162 N.J. Super. 421, 432-433 (Cty. Ct. 1978); Mury v. Tublitz, 151 N.J. Super. 39, 44 (App. Div. 1977). And as a corollary, if there is no net balance due to the tenant there is no "finding for the tenant" and there are no "moneys" which can be doubled as the statutory penalty.
Pursuant to the duty imposed by N.J.S.A. 46:8-45, the Department of Community Affairs issued an informational statement on September 12, 1976 as to the legal rights and liabilities of tenants and landlords of rental dwelling units, in which the following appears:
If a tenant sues successfully for the return of deposit monies, a court shall award the tenant double the amount owed together with full costs of action.
Although this statement is not binding on the court, it is indicative of the contemporaneous interpretation by the responsible administrative agency, which in this instance accords with our view.
The Legislature has made no provision for a financial penalty for the failure of a landlord to comply with the notification requirement of the statute. Where the accounting between landlord and tenant does not result in any moneys due to the tenant, there is no valid basis for attempting to enforce the notification requirement by doubling the security deposit or imposing costs and counsel fees as a windfall recovery to the tenant. See Alston v. Thomas, 161 N.J. Super. 403, 408 (Cty. Ct. 1978). We do not minimize the duty of the landlord to notify the tenant of the account *89 in the manner called for by the statute, but we find no legal basis for the utilization of the statutory penalty where the only dereliction is the failure to comply with the notification procedure.
The trial judge found that Smith v. Stark, 153 N.J. Super. 48 (App. Div. 1977), dictates that he double the amount of the security deposit, interest and costs, and set off against that sum the amount due to the landlord.[1] The holding in Smith v. Stark does not mandate that method of computation. In the context of the issue before the court in that case, the only question which was decided was that the tenant was owed the full security deposit plus interest. Hence, the opinion found that he was "entitled to an award of double the amount of the security deposit, plus interest thereon together with costs." 153 N.J. Super. at 51. This does not constitute a holding that a tenant is entitled to double the security deposit in making a computation where the record establishes that there must be a deduction for charges due to the landlord. Whether the deduction for the landlord's credits should be made before or after the doubling penalty remained an open question in view of the remand. See Alston v. Thomas, supra, 161 N.J. Super. at 406-407. The opinion in Smith v. Stark does not deal with the issue before us in the instant case.
For the foregoing reasons, we reverse the judgment below and direct the entry of judgment in favor of defendant on the complaint and judgment against plaintiff on the counterclaim in the sum of $197.95 less $50 for sanction awarded to plaintiff as expenses for trial delay, resulting in a net judgment of $147.95.
No costs to either party.
NOTES
[1] We note that the trial judge also erred in doubling the costs figure in computing the amount of the judgment. Where the penalty is appropriate under the statute, the only item which should be doubled is the net amount due to the tenant on the security deposit and interest, after deduction of the charges due to the landlord.