789 A.2d 134 (2002)
347 N.J. Super. 155
Joseph PENBARA, Plaintiff-Appellant,
v.
James STRACZYNSKI, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 2002.
Decided January 30, 2002.
*135 Joseph Penbara, appellant pro se.
No brief was filed on behalf of respondent.
Before Judges EICHEN, COLLESTER and LINTNER.
The opinion of the court was delivered by EICHEN, J.A.D.
In this Special Civil Part appeal, transferred from the Small Claims Section, plaintiff Joseph Penbara (the landlord), appearing pro se, filed suit against defendant James Straczynski, (the tenant) seeking a declaration that he was entitled to retain the tenant's security deposit after the tenant vacated the leased premises, and damages allegedly caused to the premises in excess of the amount of the security deposit. The tenant filed a counterclaim seeking return of the security deposit. The judge granted a directed verdict in favor of the tenant at the close of the landlord's case and dismissed the complaint, entering judgment in favor of the tenant on his counterclaim in the sum of $1,200, plus interest and costs, for a total judgment of $1,414. We reverse.
The facts are derived from the landlord's "testimony."[1] Under a written lease dated February 19, 1997, the landlord leased a bungalow located in Old Bridge to defendant and his girlfriend[2] commencing "March 1997" and ending "March 1998" at a monthly rental of $800. The landlord received $1,200 as a security deposit. Six months after the lease expired, the tenant executed another lease for six months, commencing October 1, 1998 to March 31, 1999. When that lease expired, the tenant remained in the premises until August 31, 1999 as a month-tomonth tenant. On that date, the tenant vacated the premises without giving the landlord one month's advance notice of his intention to vacate. Thereafter, the landlord was unable to rent the bungalow until October 1999 and allegedly lost one month's rent as a result of the tenant's failure to give him notice.
The lease required all notices to be in writing and sent by certified mail. The lease also required the tenant to pay the water and sewage expenses. According to the landlord, the tenant failed to pay the balance due on a "water bill" of $400 in accordance with the lease. The landlord proffered the lease to support his claim and a check marked "payment stopped" issued by the tenant to show that the *136 tenant acknowledged his obligation to pay the utilities.
After the tenant moved out, the landlord entered the bungalow and found it to be in disrepair, requiring extensive cleaning, which he claimed he performed himself, keeping a log of the time spent. He also claimed that the carpet was "ruined" by pet stains, dirt and bleach,[3] and that professional cleaning could not remedy the problem. He proffered a cleaning receipt from Macy's attesting to the condition as well as a receipt showing that he had purchased the carpeting for $900, which was installed shortly before the tenant took possession. Accordingly, the landlord sought credit against the security deposit in the sums of $350 for damage to the carpet, $400 for the "water bill," and $800 for September's rent.
The landlord admitted that he did not return the security deposit to the tenant or send notice to the tenant itemizing the deductions within thirty days of the tenant's vacating the bungalow in accordance with N.J.S.A. 46:8-21.1. He also acknowledged he had not deposited the tenant's security deposit in a separate interestbearing account at a financial institution, as required by N.J.S.A. 46:8-19. However, according to the landlord, on the date the tenant vacated the premises, the tenant told the landlord he could retain the $1,200 security deposit.
The judge dismissed the complaint at the close of the landlord's "testimony" concluding as a matter of law that because the landlord had not complied with the bank deposit and security deposit statutes, N.J.S.A. 46:8-19, -21.1, the tenant was entitled to return of the security deposit. As a result, the judge made no findings of fact or conclusions of law with respect to the landlord's claims that he was entitled to deduct one month's rent from the security deposit and $400 for the outstanding water bill, which, if accepted, would have exhausted the security deposit, thus eliminating his obligation under N.J.S.A. 46:8-21.1. As for his claim for damages on account of the "ruined" carpet, the judge concluded that because the Macy's receipt was inadmissible hearsay and because the landlord failed to present proof that he "fixed" the carpet, he was not entitled to damages on that claim.
We have carefully reviewed the record and conclude the judge erred in granting a directed verdict to the tenant. Accordingly, we reverse and remand for a new trial.
The standard for a directed verdict at the close of the plaintiff's case is found in R. 4:37-2(b). "The court must accept as true all the evidence which supports the position of the party defending against the motion and must accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 535, 666 A.2d 146 (1995). It is only when a disagreement between the parties "is so one-sided that one party must prevail as a matter of law" that such a motion should be granted. Id. at 533, 666 A.2d 146.
N.J.S.A. 46:8-21.1 provides in relevant part:
Within 30 days after the termination of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with *137 the terms of a contract, lease, or agreement, to the tenant.
In interpreting this statute, we have held that the statutory penalty imposed for failure to return a tenant's security deposit within the prescribed thirtyday period is double the net amount "wrongfully withheld," not double the amount of the initial deposit. Kang In Yi v. Re/Max Fortune Properties, Inc., 338 N.J.Super. 534, 539, 770 A.2d 738 (App. Div.2001) (citing Jaremback v. Butler Ridge Apartments, 166 N.J.Super. 84, 89 n. 1, 398 A.2d 1339 (App.Div.1979)). Hence, when a case involves offsetting amounts, as here, the trial judge must determine the amount of those offsets and, if they are greater than the security deposit withheld, there is no deposit to return to the tenant and no valid basis for enforcing the notification requirement of the statute. Jaremback, supra, 166 N.J.Super. at 87-88, 398 A.2d 1339.
The tenant here was a periodic month-to-month tenant. "A month-tomonth tenancy is a continuing relationship that remains unabated at its original terms until terminated by one of the parties." Harry's Village, Inc. v. Egg Harbor Tp., 89 N.J. 576, 583, 446 A.2d 862 (1982). To terminate a month-to-month tenancy, the party seeking to terminate must serve upon the other party a month's notice to quit. Ibid. (citing S.D.G. v. Inventory Control Co., 178 N.J.Super. 411, 414-15, 429 A.2d 394 (App.Div.1981) (observing that common law requires at least one month's notice to quit to terminate a month-to-month tenancy). Here, the lease required all notices to be in writing. The landlord contended that the tenant had not given him the required notice, but in fact had indicated he was abandoning the security deposit. Because the judge concluded that the landlord had forfeited his claims against the security deposit, she made no findings with respect to the landlord's claim that he was entitled to retain $800 for one month's rent. This ruling was erroneous and entitles the landlord to a new trial.
N.J.S.A. 46:8-19 requires a landlord to deposit the tenant's money in an interest bearing bank account. The landlord here admitted he did not comply with this statutory requirement. However, such violation does not mandate forfeiture of a security deposit and the judge erred in concluding otherwise. Indeed, there is no statutory or decisional authority for such a remedy. See Brownstone Arms v. Asher, 121 N.J.Super. 401, 405, 297 A.2d 219 (1972). Instead, the tenant's remedy, in this context, is to have the security deposit, and the interest that should have been earned thereon, applied to any rent found to be due and owing the landlord as a result of the tenant's alleged failure to give proper notice to the landlord before he vacated the premises.
Because the judge directed a verdict in favor of the tenant as a matter of law on the security deposit issue, the landlord did not have his offset claims determined. Consequently, we are constrained to reverse the judgment.
In addition, we conclude the judge erred in her treatment of the landlord's evidentiary proffers concerning his claim for damage to the carpet. The judge declared that the receipts proffered by the landlord constituted hearsay and for that reason were not admissible. In addition, the judge determined that unless the landlord "fixed" the carpet he could not recover for its diminished value. We disagree with both conclusions to the extent they are intended to represent immutable statements of the law governing the admission of such evidence.
*138 The rules of evidence may be relaxed "to admit relevant and trustworthy evidence in the interest of justice" in actions within the cognizance of the Small Claims Section of the Special Civil Part. N.J.R.E. 101(a)(2)(A). Hence, the fact that hearsay evidence is proffered does not automatically require its exclusion. The test is relevance and trustworthiness. Moreover, it has consistently been held in this State that the owner of an article of personal property is competent to testify as to his estimate of the value of his own damaged property and that the extent of its probative value is for the consideration of the fact-finder. See Lane v. Oil Delivery, Inc., 216 N.J.Super. 413, 419, 524 A.2d 405 (App.Div.1987). Indeed, if an item is brand new, proof of the item's original cost may sustain an owner's burden of proof as to value. Ibid.; see also State v. Romero, 95 N.J.Super. 482, 487, 231 A.2d 830 (App. Div.1967).
Here, the landlord presented receipts to show the recency of his purchase of the carpet and the purchase price. He also proffered a receipt for professional cleaning which contained a reference to the effect that the cleaner could not eliminate the stains. The landlord indicated his willingness to accept $350 for the carpet damage, a significant depreciation of its alleged original value. Because this was basically a Small Claims type claim, the judge was required to consider the evidence and make a determination of its admissibility based on its trustworthiness and probative value. The failure to do so constitutes reversible error.
Accordingly, the judgment is reversed and the matter remanded for trial. On remand, because we believe the judge may have a commitment to her original perception of the landlord's credibility as well as his proofs, we believe that it is best that the case be tried by a different judge.
Reversed and remanded.
NOTES
[1] Testimony is "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." Black's Law Dictionary, 1485 (7th Ed. 1999) The record reflects that the landlord did not swear an oath or affirmation before he "testified." We note the importance of administering the oath before a witness may testify. N.J.R.E. 603.

Although the rules are relaxed in matters within the "cognizance of the Small Claims Section of the Special Civil Part," N.J.R.E. 101(a)(2)(A), they are not that relaxed.
[2] Defendant's girlfriend is alleged to have moved out after three months.
[3] The landlord asserted that the tenant had admitted the carpet had been damaged by bleach shortly after he took possession of the premises.