798 A.2d 153

JAMES TRUESDELL, WANDA BRAUN, AND GARY TRUESDELL, PLAINTIFFS, v. JULIA CARR, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided February 20, 2002 [1].

■■■■■

■■■■■■■■■■■■■■■■■

---

[1] This opinion formalizes a determination made on the record on February 14, 2002.

318

George N. Polis, for plaintiffs.

Katherine M. Morris, for defendant.

PERSKIE, J.S.C.

Plaintiffs, residential tenants in defendant's premises, brought suit for a wrongful eviction pursuant to the provisions of *N.J.S.A.* 2A:39–1 *et seq.* The jury determined that defendant had indeed "locked out" plaintiffs contrary to the statute and awarded damages for lost property (furniture and the like) in the amount of $500. A return to possession being an "inappropriate remedy" on the facts of this case, plaintiffs are entitled to a trebling of this damage award. *N.J.S.A.* 2A:39–8.

Defendant counterclaimed for unpaid rent for the one-half month prior to the eviction. The evidence established that, prior to the eviction, the security deposit that had been posted by plaintiffs had, by consent of the parties, been applied to unpaid rent for a prior period. Plaintiffs conceded the counterclaim and the jury found that plaintiffs were indebted to defendant for unpaid rent in the amount of $362.50. The issue thus presented, apparently not the subject of any prior reported decision construing this provision of the forcible entry and detainer statute, is whether the offset for the unpaid rent should be subtracted from the damage award before or after the trebling required by the statute. If the offset is subtracted before the trebling, plaintiffs will be entitled to a judgment in the amount of $412.50 ($500 less $362.50, or $137.50, times 3). If the offset is subtracted after the trebling, plaintiffs will be entitled to a judgment in the amount of $1,137.50 ($1,500 less $362.50).[2]

---

[2] In either event, plaintiffs are also entitled to recover court costs and reasonable attorney's fees. *N.J.S.A.* 2A:39–8.

In cases involving the wrongful withholding of the return of a tenant's security deposit, the statute provides for a recovery of "double the amount of said moneys." *N.J.S.A.* 46:8–21.1. This statute was intended to protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use. *Jaremback v. Butler,* 166 *N.J.Super.* 84, 87, 398 *A.*2d 1339 (App.Div.1979); *Watson v. Jaffe,* 121 *N.J.Super.* 213, 214, 296 *A.*2d 537 (App.Div.1972). The statute has been interpreted to refer to a doubling of the amount "wrongfully withheld," rather than a doubling of the amount of the initial security deposit. *Penbara v. Straczynski,* 347 *N.J.Super.* 155, 789 *A.*2d 134 (App.Div., 2002) *Kang In Yi v. Re/Max Fortune Properties,* Inc., 338 *N.J.Super.* 534, 539, 770 *A.*2d 738 (App.Div.2001). When a case involves an offset to the security deposit, the court must determine the amount of the offset and, if it is greater than the security deposit withheld, there is no deposit to return to the tenant and therefore no basis for the imposition of the statutory penalty. *Jaremback, supra,* 166 *N.J.Super.* at 87–88, 398 *A.*2d 1339; *Penbara, supra.* The only portion of a security deposit that is considered "wrongfully withheld" and thus subject to doubling is the amount of the security deposit in excess of the offset.

It is thus well-settled that, in the context of the security deposit statute, a permitted offset is to be subtracted from a tenant's damages *prior* to the doubling of the damages for purposes of the entry of judgment under the statute. However, the cases so holding demonstrate that the rationale for this result is the relationship between the purpose of the security deposit and the nature of the costs sought to be offset against the landlord's obligation to return it. In each of the decided cases, the landlord was permitted to apply against the security deposit costs that were directly related to the lease agreement and to the purpose of the establishment of the security deposit: unpaid rent, damage to the leased premises, and outstanding obligations under the lease (such as utility bills). In permitting these offsets to be subtracted from the security deposit in calculating a tenant's "net" damages,

the courts have, in reality, done nothing more than acknowledge that the security deposit, while technically belonging to the tenant during the lease, is held in escrow to protect the landlord with regard to specific claims relating to the lease agreement. In posting the security deposit, the tenant is thus on notice that, prior to any return of the money, the deposited sums may be applied to appropriate costs incurred by the landlord as a result of the tenancy.

The circumstances in this matter are quite different. In this case, the landlord's claim for unpaid rent, which would have been a permitted offset against the tenants' security deposit if there were any remaining sums available, is not entitled to any "preference" or priority lien against other assets of the tenants. The tenants' claim against the landlord is a statutory cause of action unrelated to any provision of the lease or requirement of posting a security deposit. There is no factual or legal relationship between the landlord's claim for the unpaid rent and the tenants' claim for damages for the unlawful eviction. There is, in short, no underlying rationale that would justify a requirement that the tenants credit the landlord with the amount of the unpaid rent before asserting their statutory claim to treble damages.

Moreover, the economic effect of subtracting the offset before trebling the damages would be to treble the landlord's claim for the unpaid rent. The statute requires that the tenants' damages, evaluated by the jury at $500, be trebled to $1,500. If the rent offset were to be subtracted from the damages before the trebling required by the statute, resulting in a net claim by the tenants of $412.50, the effect would be to reduce the landlord's statutory obligation by $1,087.50, which is three times as much as the landlord was owed for the unpaid rent. This result would be inconsistent with both common sense and the purpose of the treble damage provision of the statute, which is obviously to deter "self-help" by landlords in the eviction process.

Accordingly, judgment will be entered in favor of plaintiffs in the amount of $1,137.50. Counsel for plaintiffs shall submit the

appropriate order. Any application under the statute for counsel fees and costs shall be separately considered.