**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3468-15T2

OZTURK HUSSEYIN,

    Plaintiff-Appellant,

v.

LONGVIEW APARTMENTS, LLC,

    Defendant-Respondent.

_____

Argued May 16, 2017 — Decided June 6, 2017

Before Judges Koblitz and Mayer.

On appeal from the Superior Court of New
Jersey, Law Division, Special Civil Part,
Bergen County, Docket No. SC-380-16.

Ozturk Husseyin, appellant, argued the cause
pro se.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff appeals dismissal of his Special Civil Part Small

Claims complaint. We affirm.

Plaintiff's appellate brief and appendix contain facts and documents that were not presented to the trial court. The facts and evidence relevant to this appeal are set forth in the transcript of the trial before Judge Keith A. Bachmann on March 7, 2016.[1]

Plaintiff filed a Small Claims Complaint in the Special Civil Part.[2] Plaintiff alleged that defendant Longview Apartments, LLC (Longview) improperly towed his vehicle.[3] According to plaintiff, Longview instructed a towing company to tow his vehicle because it was not parked in plaintiff's assigned parking spot. Plaintiff claimed that Longview illegally towed his car because plaintiff had permission to park in space number eight.

---

[1] Rule 2:5-4(a) specifies the material that constitutes the record on appeal. Appellate courts will not consider evidentiary material that is not part of the record below. See Townsend v. Pierre, 221 N.J. 36, 45 n.2 (2015).

[2] Plaintiff previously filed a complaint in the Special Civil Part seeking reimbursement for the same towing fee that is the subject of this appeal. Plaintiff originally sued a towing company and an individual employed by Longview Apartments, LLC. We do not have a transcript of the Special Civil Part judge's disposition of plaintiff's earlier complaint. During the trial before Judge Bachmann, defense counsel advised that plaintiff's earlier complaint was tried before a different judge who dismissed that complaint with prejudice as to the towing company and without prejudice as to the individual who was an employee of defendant.

[3] Longview is the garden apartment complex where plaintiff resides.

According to plaintiff's testimony, he departed the apartment complex around 11:30 a.m. and returned about 1:00 p.m. Plaintiff told the judge that he left his car in parking space eight, rather than space six, which was his assigned spot, because another vehicle was parked in plaintiff's parking space. Plaintiff claimed he had permission from a neighboring tenant to park in space number eight. Although plaintiff testified that he paid a towing company to retrieve his vehicle, plaintiff failed to submit evidence as to the amount of money paid.

On cross-examination, counsel for Longview marked for identification the written lease agreement signed by plaintiff. Pursuant to the agreement, plaintiff was assigned parking space six. Longview's attorney also marked for identification a warning letter, entitled "Notice to Cease," addressed to plaintiff demanding that he cease using two parking spaces at the apartment complex. Plaintiff admitted receiving the letter, but denied he ever used two parking spaces. During cross-examination, plaintiff denied that the vehicle preventing him from parking in space number six was his own grey Volvo. Plaintiff testified on cross-examination that he had to park his green Expedition in space number eight because a small compact car was parked in space number six, and that he had permission to use space number eight. When shown a copy of the lease agreement for apartment number eight,

plaintiff conceded that the apartment lease for the neighboring tenant did not provide an assigned parking space.

At the close of plaintiff's case, Longview's attorney made a motion to dismiss the complaint. Longview argued plaintiff failed to sustain his burden of proof as to both liability and damages. Longview noted that plaintiff failed to present testimony supporting the fee paid for the recovery of the vehicle. Longview emphasized that plaintiff never established he was parked in an authorized space at the time the vehicle was towed. Longview maintained plaintiff failed to substantiate that it requested the vehicle be towed. Lastly, Longview contended plaintiff never submitted proof that if Longview directed the towing of the vehicle, such towing was illegal.

Although the plaintiff's case was closed, the judge permitted plaintiff to provide additional documents for the court's consideration. Judge Bachmann marked the towing company receipt as P-1 for identification. The judge also considered a notice issued to tenants, marked as P-2 for identification, advising tenants that "[p]arking in another tenants [sic] reserved space is a violation of the lease and grounds for eviction."

In granting Longview's motion to dismiss, the judge concluded he had no proof of damages and "very little proof on liability." As for the towing receipt, Judge Bachmann ruled the document

constituted hearsay. Absent an individual from the towing company testifying in court, the judge was unable to ascertain fundamental information. For example, the judge could not determine who authorized the towing company to tow plaintiff's vehicle. Nor could the judge conclude whether the amount charged for retrieval of plaintiff's vehicle was excessive or inconsistent with any written contract for towing services. The judge was unable to determine if the charges were the result of a delay on the part of plaintiff in retrieving his vehicle. Because plaintiff had the burden of proof and failed to meet that burden as to damages and liability, the judge dismissed plaintiff's complaint.

Our scope of review of a final judgment entered by a Special Civil Part judge is exceedingly narrow. Because the Special Civil Part judge was the finder of fact, and because he had an opportunity to determine the credibility of the witnesses, we defer to the judge's factual determinations provided they are supported by substantial credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-84 (1974). We do not weigh evidence anew, rather we determine whether there is adequate evidence in the record to support the judgment rendered by the trial judge. Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). If the trial court's determination meets this standard, our "task is complete and [we] should not

disturb the result," even if we "might have reached a different conclusion were [we] the trial tribunal." Ibid. (internal citations and quotations omitted).

Considering plaintiff's arguments, both written and oral, in light of the aforementioned standard of review, we affirm the Special Civil Part's dismissal of plaintiff's complaint for the reasons stated in Judge Bachmann's ruling from the bench on March 7, 2016. We add only the following comments.

First, we considered the documents included in plaintiff's appellate appendix even though the documents were not presented to the judge. Nothing in the improperly annexed documents changed the facts considered by Judge Bachmann. The documents merely confirmed plaintiff's medical appointment on the date that his car was towed and identified other medical conditions suffered by plaintiff. Further, the handwritten statement from the tenant occupying apartment eight, purportedly allowing plaintiff to use her parking space, was belied by D-5 marked for identification at trial. The document marked D-5 was the lease agreement for apartment eight and substantiated that the neighboring tenant had no parking space to offer plaintiff. This document, coupled with the document marked P-2 for identification, provided further evidence that plaintiff's parking in space number eight was impermissible.

A-3468-15T2

Second, plaintiff failed to articulate specific errors allegedly committed by the judge. In his appellate brief, plaintiff claimed, "Judge Bachmann did not relax the court and evidence rules that are commonly done in Small Claims Court, . . . and failed to consider the circumstantial evidence that no one other than Defendant landlord could have been responsible for the wrongful tow of the Plaintiff's vehicle." Based upon our review of the record, we find Judge Bachmann did consider evidence allegedly supporting plaintiff's claims notwithstanding the objection made by Longview's attorney. Despite relaxation of the evidence rules governing the Small Claims Section of the Special Civil Part, N.J.R.E. 101(a)(2)(A), we find no error in the judge's decision. Neither the towing company nor the neighbor who purportedly gave permission to plaintiff to park in space number eight were in court to establish whether the evidence was probative and trustworthy. See Penbara v. Straczynski, 347 N.J. Super. 155, 162-63 (App. Div. 2002).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3468-15T2