**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1959-18T4

NIDIA SERNA,

     Plaintiff-Respondent,

v.

ORLANDO RAMIREZ,

     Defendant-Appellant.

_____

             Submitted November 19, 2019 – Decided December 5, 2019

             Before Judges Hoffman and Currier.

             On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-001644-18.

             Bastarrika, Soto, Gonzalez & Somohano LLP, attorneys for appellant (Franklin G. Soto, on the brief).

             Respondent has not filed a brief.

PER CURIAM

Defendant Orlando Ramirez appeals from a December 18, 2018 Special Civil Part judgment in favor of plaintiff Nidia Serna awarding her $3000 plus costs. We affirm.

I

On December 3, 2018, plaintiff filed a complaint against Ramirez alleging breach of contract. The parties represented themselves during a bench trial conducted on December 18, 2018.

According to plaintiff, on February 22, 2018, she made a $3000 down payment for the purchase of a 2015 Audi Quattro from Paul Miler Audi, with Ramirez co-signing a loan to finance the purchase. Plaintiff presented to the court a motor vehicle purchase order, a consumer acknowledgment form, and a dealer power of attorney form to establish Ramirez co-owned the car with her. Both parties signed each form. Plaintiff intended to use the car exclusively; however, after she made the first month's payment, Ramirez took the car and maintained exclusive control thereafter.

Prior to testifying, the judge permitted Ramirez to cross-examine plaintiff on her proofs, but he declined. Ramirez admitted he possessed the car and plaintiff paid the $3000 down payment. He also admitted that plaintiff wanted to purchase the car but she needed his help as a co-signor on the loan agreement

to finance the overall purchase. Ramirez asserted he did not owe plaintiff the $3000 because he previously loaned her more than that amount. He claimed he loaned her $500, co-signed for her apartment, and loaned her $1700 for a down payment on her apartment. He presented to the court the lease agreement of the apartment and a document showing he helped her move, but neither document had plaintiff's name on it. In response, Ramirez explained that plaintiff's name could not appear on the lease "[b]ecause she's a [S]ection 8" and "didn't have any credit." Additionally, he presented ATM withdrawals for $1000, but plaintiff's name did not appear on the slips. He also presented a check issued to plaintiff, but the judge found the check was not negotiated or cashed.

At the conclusion of trial, the judge found, "Ramirez is not credible whatsoever . . . I don't believe anything he says." The judge concluded, "The documentation [Ramirez] showed me in no way establishes any payments made to [] plaintiff; however, [] plaintiff has established the fact that they both went to the car dealership, they are both owners of the car. She put the down payment down, and [Ramirez] kept the car. So she's entitled to the down payment back." The judge awarded plaintiff a judgment against Ramirez of $3000 plus $42 in costs.

A-1959-18T4

Our review of a bench trial is limited. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974) (citation omitted). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonable credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quotation and citation omitted). We give particular deference to the trial judge's credibility determinations. See In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). However, we review conclusions of law de novo. See Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Ramirez argues the trial judge "unfairly refused to consider his proofs, thereby preventing him from presenting any form of defense." Specifically, he alleges the lease agreement and "the funds allegedly paid" to plaintiff were "material" to his claim and directly challenged plaintiff's claim that he owed her $3000. He lastly argues the judge should have given defendant's testimony more weight.

A-1959-18T4

We must engage in an analysis when deciding whether a hearsay document can be admitted in a small claims case. N.J.R.E. 101(a)(2)(A) permits relaxation of the Rules of Evidence in small claims matters "to admit relevant and trustworthy evidence in the interest of justice." Consequently, we held "the fact that hearsay evidence is proffered does not automatically require its exclusion. The test is relevance and trustworthiness." Penbara v. Straczynski, 347 N.J. Super. 155, 162 (App. Div. 2002). The judge in a small claims case is "required to consider the evidence and make a determination of its admissibility based on its trustworthiness and probative value. The failure to do so constitutes reversible error." Id. at 162-63.

In this case, the trial judge repeatedly found Ramirez not credible and untrustworthy. The judge found plaintiff established Ramirez co-owned the car and she paid the $3000 down payment. The judge did not find plaintiff owed Ramirez a prior debt based on the documents he presented. We decline to disturb these credibility findings. In re Return of Weapons to J.W.D., 149 N.J. at 117. Giving deference to the trial judge's credibility determinations with respect to the testimony of plaintiff and Ramirez, we find the trial judge's conclusion that plaintiff established Ramirez owed plaintiff the $3000 is supported by substantial credible evidence in the record.

A-1959-18T4

The trial judge examined the documents Ramirez presented in relation to his defense that he loaned plaintiff money, which would offset the $3000 down payment. The judge found the lease agreement did not have plaintiff's name on it and could not prove she owed a prior debt to Ramirez. The judge also found the checks issued to plaintiff were not cashed and similarly did not establish she owed Ramirez a prior debt. The judge considered each document Ramirez presented and provided a reasonable explanation for rejecting the documents. We are satisfied that the judge's decision was supported by the substantial credible evidence in the record.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1959-18T4