**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2299-18T3

FERNANDO ESCOBAR,

    Plaintiff-Respondent,

v.

MARKO MILETIC,

    Defendant-Appellant.

_____

Submitted December 2, 2019 – Decided March 5, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-001607-18.

Jure Miletic, attorney for appellant.

Ingrid Echeverria, LLC, attorneys for respondent (Ingrid E. Echeverria, of counsel and on the brief; Rita G. Pincaro, on the brief).

PER CURIAM

    Defendant landlord Marko Miletic appeals from the trial court's judgment

awarding his former tenant, plaintiff Fernando Escobar, the statutory penalty of

twice the security deposit the court found he wrongfully withheld. Miletic claimed he was entitled to withhold unpaid rent from the security deposit because Escobar failed to give proper notice that he was terminating his tenancy. Having reviewed Miletic's arguments in light of the record and applicable principles of law, we reverse.

The facts are undisputed. On April 30, 2016, the parties entered into a two-year residential lease starting on June 1. As the lease provided, Escobar proffered a $2325 security deposit, equal to one-and-a-half months' rent. The lease required Escobar to give Miletic one month's written notice before vacating the premises. When the lease expired, Escobar remained as a month-to-month tenant. On August 3, 2018, Escobar notified Miletic orally that he would vacate on September 1, 2018, and he later did so.

Miletic claimed that Escobar did not give him the required thirty days' written notice and despite his diligent efforts, he could not relet the premises until October. Miletic sent Escobar a check for $786.06 dated September 12, 2018, explaining in a letter that the check covered the security deposit plus accrued interest, minus $1550 for September's rent. Escobar then sued, seeking, pursuant to N.J.S.A. 46:8-21.1, double the amount he alleged Miletic withheld wrongfully.

A-2299-18T3

The trial court concluded that Miletic was not entitled to deduct unpaid rent from the security deposit, notwithstanding that Escobar failed to provide proper notice. The court doubled $1550, per N.J.S.A. 46:8-21.1, and entered judgment for $3100 in Escobar's favor. The trial judge also held that Miletic wrongfully deducted rent from the security deposit because Escobar remained in possession of the premises.

Although the trial court's fact-findings after a bench trial deserve our respect, see Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011), the principal issue on appeal is a legal one, which we review de novo, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Escobar was a periodic month-to-month tenant. "A month-to-month tenancy is a continuing relationship that remains unabated at its original terms until terminated by one of the parties." Harry's Village, Inc. v. Egg Harbor Twp., 89 N.J. 576, 583 (1982). The party seeking to terminate such a tenancy must serve "upon the other a month's notice to quit." Ibid. Here, Escobar gave oral notice on August 3, 2018 and vacated on September 1, 2018. As he did not give thirty days' notice, he was responsible for September's rent. See id. at 585-86 (stating that a notice to quit a month-to-month tenancy not given a full month before the anniversary date is effective "on the next ensuing anniversary date");

A-2299-18T3

S.D.G. v. Inventory Control Co., 178 N.J. Super. 411, 414 (App. Div. 1981) (holding, in case of commercial month-to-month tenancy, that tenant who gave notice on November 16 that he would vacate on November 30 was responsible for December rent).

The trial court erred in holding that Miletic could not deduct that unpaid rent. N.J.S.A. 46:8-21.1 requires the landlord to return the tenant's security deposit "[w]ithin 30 days after the termination of the . . . lease . . . less any charges expended in accordance with the terms of [the] . . . lease." N.J.S.A. 46:8-21.1. If the landlord violates this section, the tenant may bring suit and "the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys." Ibid. However, we have interpreted N.J.S.A. 46:8-21.1 to allow the landlord to deduct from the security deposit any unpaid rent. See Penbara v. Straczynski, 347 N.J. Super. 155, 161 (App. Div. 2002). By deducting $1550 of unpaid rent from Escobar's security deposit, Miletic did not wrongfully withhold the security deposit. It follows that Miletic is not liable for double damages.

The trial court also erred in holding that Miletic wrongfully deducted from the security deposit because Escobar was still in possession of the premises. See N.J.S.A. 46:8-21.1 (stating "no deduction shall be made from a security deposit

A-2299-18T3

of a tenant who remains in possession of the rental premises"). The record does not support the court's finding. Miletic returned Escobar's security deposit, minus the deduction for unpaid rent, eleven days after Escobar moved out and returned his keys. At that point, Escobar was no longer "in possession." See Lorril Co. v. La Corte, 352 N.J. Super. 433, 438-39 (App. Div. 2002) (stating that tenants who vacated an apartment in the middle of a month were no longer "in possession" under the holdover statute, although they were "technically entitled to occupancy for the entire month" because they were charged for the whole month).

We need not address Miletic's remaining arguments. See R. 2:11-3(e)(1)(E).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION