**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1115-18T2

ART RESOURCES, LLC,

     Plaintiff-Appellant,

v.

HARTZ CARPET II LIMITED
PARTNERSHIP,

     Defendant-Respondent.

_____

HARTZ MOUNTAIN
ASSOCIATES,

     Plaintiff-Respondent,

v.

ART RESOURCES, LLC,

     Defendant-Appellant.

_____

Submitted January 27, 2020 – Decided April 27, 2020

Before Judges Rothstadt, Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. L-5766-13 and L-5349-13.

Faegre Drinker Biddle & Reath LLP, attorneys for appellant (Walter J. Fleischer, on the briefs).

Horowitz Rubino & Patton, attorneys for respondents (Joseph Martin Aronds, of counsel and on the brief).

PER CURIAM

In these consolidated commercial tenancy matters, the tenant Art Resources, LLC (Art Resources) appeals from the Law Division's September 25, 2018 amended final judgment that was entered after the trial judge conducted a remand hearing in accordance with our earlier unpublished opinion in this matter. See Art Res., LLC v. Hartz Carpet II Ltd. P'ship, No. A-0402-16 (App. Div. June 4, 2018) (slip op. at 3-6). We reversed and remanded the trial judge's original determinations about Art Resources' and its landlord Hartz Carpet II Limited Partnership's and Hartz Mountain Associates' (collectively, Hartz) claims relating to the issues of forcible entry and detainer, trespass, and the reasonable rental value of the space Art Resources occupied after Hartz unjustifiably locked it out of the leased premises.

On remand, the judge again found for Hartz on Art Resources' forcible entry and detainer and trespass claims, concluding that Art Resources failed to

present sufficient evidence to allow the judge to find that Hartz was liable under either cause of action. The judge also increased Hartz's damages on its unpaid rent claim. For the reasons that follow, we affirm the amended judgment denying Art Resources relief on its forcible entry and detainer and trespass claims, but we reverse the judge's award to Hartz on its unpaid rent claim, thereby reinstating the amount set forth in the original judgment.

We discern the following facts from the record. Art Resources, a wholesaler of high-end imported rugs, leased space in Hartz's building at 100 Park Plaza Drive in Secaucus. The lease began on September 1, 2007 and was extended through August 31, 2013.

During 2011, Hartz notified its tenants that it intended to repurpose the building at 100 Park Plaza Drive, so the tenants would eventually need to relocate. Beginning in 2013, Art Resources began considering various locations but was unable to find a suitable space. On July 24, 2013, Hartz sent Art Resources a notice to quit and demand for possession, thereby terminating the parties' lease as of August 31, 2013.

On August 14, 2013, Hartz sent a letter to its tenants, reminding them that access to 100 Park Plaza Drive would be unavailable after August 31. Hartz offered any tenants who had not yet made plans for relocation to use space in its

3

building at 50 Enterprise Avenue. Hartz agreed to provide the space rent-free through the end of September 2013 for any tenant who agreed to sign a short-term lease and provide their own security.

On August 22, 2013, Art Resources informed Hartz that it might not be able to move out on time. Hartz again offered to provide space at 50 Enterprise Avenue. Art Resources agreed to see the space, while indicating that, according to the parties' lease, it was entitled to remain at 100 Park Plaza Drive as a holdover tenant if it paid twice the fixed rent. Realizing that the space at 50 Enterprise Avenue was no longer available, Hartz offered space at 40 Enterprise Avenue. Art Resources ultimately determined that 40 Enterprise Avenue was unsuitable for security reasons.

On August 31, 2013, Hartz locked Art Resources out of 100 Park Plaza Drive by changing the locks and padlocking the construction fence outside of the building. When Art Resources employees arrived at the building on the morning of September 3, 2013, a Hartz employee denied them access. The following day, Art Resources sent Hartz a check for $9386.66, the amount owed for September 2013 as a holdover tenant. Hartz rejected payment and returned the check. On September 6, 2013, Hartz notified Art Resources that it had moved the tenant's inventory and other property to 40 Enterprise Avenue.

4

Art Resources filed a complaint and order to show cause with temporary restraints, seeking to restore its access to and possession of the space at 100 Park Plaza Drive. The parties appeared in the Chancery Division on September 9, 2013. Finding that Hartz failed to notify Art Resources that it would remove the tenant's property, the judge ordered Hartz to "maintain the status quo" and "restore [Art Resources] to whatever they had prior to [Hartz's] removal of the premises" until Art Resources had the opportunity to be heard by the judge.

The next day, a Secaucus building inspector deemed the building at 100 Park Plaza Drive unsafe and issued Hartz a notice of unsafe structure, so Hartz requested a stay of the September 9 order. Although displeased with Hartz, viewing the inspection as "a run-around," the judge issued an order, on September 16, 2013, staying his September 9 order "on the condition that Hartz immediately provide appropriate and comparable premises to [Art Resources] at which [Art Resources] can operate its business without interruption." Art Resources moved into 40 Enterprise Avenue that same day and remained there until November 1, 2013.

On September 18, 2013, Art Resources filed an amended complaint in the Chancery Division, alleging breach of contract; illegal lockout; forcible entry and detainer; distraint of personal property; conversion; trespass; violation of

the Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84; breach of the duty of good faith and fair dealing; and violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20.

On September 27, 2013, Hartz sent Art Resources a notice to quit and demand for possession of 40 Enterprise Avenue, requiring Art Resources to vacate by October 31, 2013. Hartz also sought rent and utility payments of $11,500 for the month of October. On November 15, 2013, Hartz filed a complaint in the Law Division against Art Resources for the October unpaid rent and utilities.

During December 2013, Art Resources' action was transferred to the Law Division, the September 9 order to show cause with temporary restraints was dismissed, and several counts of Art Resources' amended complaint were dismissed, leaving the counts for breach of contract, breach of the duty of good faith and fair dealing, forcible entry and detainer, trespass, and violation of the CFA. Art Resources' and Hartz's actions were consolidated on January 17, 2014.

On May 1, 2015, a Law Division judge granted Art Resources' motion for summary judgment on its claims for breach of contract and forcible entry and detainer and denied Hartz's motion for summary judgment in its entirety.

A-1115-18T2

An eight-day bench trial on the remaining issues was held before a different judge during June 2015. The judge issued a written decision in favor of Art Resources on its claims for breach of the duty of good faith and fair dealing[1] and violation of the CFA but found in favor of Hartz on the trespass claim. The judge also found in favor of Hartz on its unpaid rent claim for September 2013 but granted Art Resources credit for overpaid rent from its use of the previous building. Additionally, without notice to the parties, the judge reversed the previous judge's summary judgment ruling on Art Resources' forcible entry and detainer claim, after finding that force or a threat of force was required to succeed on this claim.

Ultimately, the judge awarded Art Resources "compensatory damages for all of the natural and probable consequences of [Hartz's] breach of [the lease]." The judge declined to award damages for lost sales, employee salaries, and missing rugs, finding that Art Resources failed to present credible evidence supporting these alleged damages, but he did award damages for extra expenses

---

[1] In finding that Hartz breached the duty of good faith and fair dealing, the judge noted that Hartz's managing director "[accused] Art Resources' representatives of attempting to extort money" and "resorted to abhorrent ad hominem attacks against Art Resources representatives," quoting from the managing director's deposition. The judge found that Hartz locked Art Resources out in violation of the lease's holdover provision "as a direct result of these beliefs."

incurred to transport inventory for a lucrative rug show, loss of miscellaneous items following the lockout, and replacement of the alarm system at 40 Enterprise Avenue. These damages totaled $9947.80 and were trebled, as they were "a direct result of Hartz's [CFA] violation." The judge also awarded Art Resources an overpaid rent credit of $4611.93 and attorney's fees and costs. The judge awarded Hartz $9386.66 on its unpaid rent claim for October 2013, based on the amount charged to a holdover tenant under the parties' 100 Park Plaza Drive lease. Accordingly, Art Resources' net award was $25,068.67 plus attorney's fees and costs.

On August 8, 2016, the judge awarded Art Resources $71,266.30 in attorney's fees and costs, and on August 25, 2016, final judgment was entered. Art Resources appealed from the final judgment, challenging many of the judge's adverse rulings and seeking to increase the amount of its award for damages and attorney's fees and costs.

We reversed and remanded on three issues. Art Res., LLC, No. A-0402-16 (slip op. at 3-5). First, we reversed the judge's ruling on Art Resources' forcible entry and detainer claim because the judge did not give the parties an opportunity to be heard before reversing the prior summary judgment ruling. Id. at 3-4. We remanded for a hearing to allow Art Resources to present evidence

on the issue. Id. at 4. Second, we instructed the judge to revisit his ruling on Art Resources' trespass claim, pending the outcome of the hearing on forcible entry and detainer. Ibid. We noted that it was "not clear that actual violence is an essential element of the tort of trespass." Id. at 4 n.4. Third, we affirmed the judge's determination that Hartz was entitled to October 2013 rent under the theory of quantum meruit. Id. at 5. However, we held that the judge incorrectly fixed damages based on the holdover provision in the 100 Park Plaza Drive lease, rather than determining the reasonable rental value of 40 Enterprise Avenue. Ibid. Thus, we reversed Hartz's $9386.66 award and remanded for reconsideration of the proper rental value for October 2013. Ibid.

Additionally, we affirmed the judge's calculation of the lodestar for Art Resources' attorney's fees. Id. 6. We approved the award of one-third of the requested fees because Art Resources had been successful on three of the nine claims brought to trial. Ibid. However, we directed the trial judge to reconsider the award if necessary, pending disposition of the remanded issues. Ibid.

On June 27, 2018, the same trial judge presided over the remand hearing. Neither party presented new evidence or testimony on the forcible entry and detainer and trespass claims, but each presented a witness to testify on Hartz's unpaid rent claim.

Earnest Christoph, Hartz's senior vice president of sales and leasing, testified for Hartz. Christoph testified that in September 2013, he measured the space Art Resources occupied at 40 Enterprise Avenue and determined that it covered 12,600 square feet. On cross-examination, Christoph acknowledged some characteristics of 40 Enterprise Avenue differed from 100 Park Plaza Drive, including the type of lighting, the location of the walls, the ability to control the temperature within its space, and the type of floors.

Abdul Raoofi, the manager of Art Resources' New Jersey location, testified for Art Resources. He described many differences between 100 Park Plaza Drive and 40 Enterprise Avenue that he claimed adversely affected Art Resources' ability to conduct its business. The space at 100 Park Plaza Drive was a showroom with superior lightning, hardwood floors, walls suitable for hanging rugs, and a kitchen. The space at 40 Enterprise Avenue was a warehouse with "very dirty floors," and it lacked a kitchen and walls suitable for hanging rugs. Raoofi attempted to testify that Art Resources' sales had declined when it was occupying space at 40 Enterprise Avenue, but the judge sustained Hartz's objection, reasoning that remand required that he "value the 12,600 feet" and not ask the parties "to relitigate whether a benefit has been obtained, and if so, what is the value of that benefit."

A-1115-18T2

On September 18, 2018, the judge issued a written decision. Initially, the judge, albeit incorrectly, stated that Art Resources had not introduced additional evidence and, therefore, "assume[d] that Art Resources [did] not take issue with the facts found, but still maintain[ed] disagreement with the legal import of them."

As to Art Resources' forcible entry and detainer claim, the judge relied on his previous reasoning that Art Resources failed to prove the necessary force or threat of force to sustain the cause of action. Similarly, with respect to Art Resources' trespass claim, the judge largely relied on his previous reasoning, concluding that Art Resources failed to sustain its claim because (1) "Hartz's restriction to the property . . . was not performed with any violence to any party"; (2) under the terms of the lease, Art Resources was a tenant at sufferance, which "convey[ed] a possessory interest upon Hartz of this commercial property"; and (3) the trespass claim was barred by the economic loss doctrine.

As to Hartz's unpaid rent claim, the judge found that Hartz was entitled to $10,500. The judge, erroneously stating that Christoph was the sole live witness on the matter at the remand hearing, credited the testimony as to how Christoph measured the space Art Resources occupied at 40 Enterprise Avenue. The judge also relied on the trial testimony of Constantino Milano, Hartz's president, that

to determine the monthly rent of $10,500, he charged $10 per square foot and divided the resulting amount by twelve. Finally, because Art Resources did not prevail on any issues on remand, the judge declined to modify Art Resources' attorney's fees award.

The judge entered an amended final judgment in favor of Hartz for a net award of $1134.34, as Hartz had already paid Art Resources the original judgment. This appeal ensued.

On appeal, Art Resources argues that the trial judge erred in denying relief on its forcible entry and detainer and trespass claims and in awarding Hartz relief on its unpaid rent claim. It also contends that the judge failed to comply with this court's instructions with respect to the forcible entry and detainer and trespass claims. Finally, Art Resources argues that if this court determines that reversal or remand is appropriate, the trial judge should reconsider Art Resources' attorney's fees award.

Our review of a bench trial is limited, as "[f]indings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). We will not disturb these findings "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent,

relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, we review questions of law de novo. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We first address Art Resources' argument that it is entitled to relief on its forcible entry and detainer and trespass claims. Although we instructed the trial judge to reconsider the issues of forcible entry and detainer and trespass on remand to afford the parties due process, the law governing damages compels us to conclude that Art Resources is not entitled to damages on either claim because it has already been made whole by the award of damages on its claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of the CFA, and it would thus not be entitled to duplicate damages on the remaining claims in dispute.

The purpose of awarding compensatory damages is "to make the injured party whole." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 13 (2004) (quoting Cox v. Sears Roebuck & Co., 138 N.J. 2, 21 (1994)). "This is true whether the wrong inflicted lies in tort or contract." Maul v. Kirkman, 270 N.J. Super. 596, 618 (App. Div. 1994). "[I]t is fundamental that no matter under what theories liability may be established, there cannot be any duplication of damages."

Ptaszynski v. Atl. Health Sys., Inc., 440 N.J. Super. 24, 39-40 (App. Div. 2015) (alteration in original) (quoting P. v. Portadin, 179 N.J. Super. 465, 472 (App. Div. 1981)). Thus, courts have consistently precluded recovery of duplicative damages predicated on the same injuries. See, e.g., Battaglia v. United Parcel Serv., Inc., 214 N.J. 518, 562 (2013) (holding that where a jury awarded a plaintiff damages under the Law Against Discrimination, the plaintiff could not recover on his implied contract claim because any recovery "would be entirely co-extensive with the verdict [he] has already received"); Ptaszynski, 440 N.J. Super. at 40 (holding that the trial judge erred in not instructing the jury "that it could not award [the] plaintiff damages for [the] defendant's violations of the [Nursing Home Responsibilities and Residents' Rights Act] and its negligence based upon the same injuries or harm to [the plaintiff]").

The trial judge awarded Art Resources "compensatory damages for all of the natural and probable consequences of [Hartz's] breach of [the lease]" and "its violation of the implied covenant of good faith and fair dealing," including for extra expenses incurred to prepare for the rug show, loss of miscellaneous items following the lockout, and replacement of the alarm system at 40 Enterprise Avenue. The judge trebled the amount of those damages, as they were "a direct result of Hartz's [CFA] violation." Further, the judge considered

14

other damages that Art Resources alleged flowed from Hartz's breach, but the judge found that there was insufficient evidence presented.

Although claims for breach of contract, breach of the duty of good faith and fair dealing, violation of the CFA, forcible entry and detainer, and trespass require proof of different elements, the damages caused by each claim are the same here. The judge found for Art Resources on its claim for breach of contract because "rather than permit Art Resources' continued occupancy [as a holdover tenant], Hartz broke its promise and locked Art Resources out." Further, in finding for Art Resources on its CFA claim, the judge stated that Hartz, "[b]linded by [its] intention [to obtain a tax benefit by demolishing 100 Park Plaza Drive by a specific date], . . . willfully ignored the holdover provisions . . . and thereafter, took affirmative steps to ensure that reentry to the premises was impossible." As the judge correctly noted, the bases for both Art Resources' forcible entry and detainer claim and its trespass claim were that Hartz wrongfully took possession of Art Resources' occupied space at 100 Park Plaza Drive and wrongfully denied Art Resources the right to access the property. Accordingly, if successful in proving liability, Art Resources would be entitled to the same damages under these claims as it was awarded for its success in proving liability on the other three claims.

We add that neither the Forcible Entry and Detainer (FED) Act nor the law governing trespass permit Art Resources to recover additional damages not recoverable under the other causes of action. See N.J.S.A. 2A:39-8 ("[A] plaintiff . . . shall be entitled to possession of the real property and shall recover all damages proximately caused by the unlawful entry and detainer including court costs and reasonable attorney's fees. When a return to possession would be an inappropriate remedy, treble damages shall be awarded in lieu thereof."); Pinkowski v. Township of Montclair, 299 N.J. Super. 557, 571 (App. Div. 1997) (explaining that "[u]nder a trespass theory, a plaintiff may 'assert a claim for whatever damages the facts may lawfully warrant[,]'" including consequential damages (quoting Szymczak v. LaFerrara, 280 N.J. Super. 223, 233 (App. Div. 1995))).

Finally, we conclude that Art Resources is not entitled to an award of treble damages under the FED Act. Art Resources correctly notes that the punitive goals of the FED Act and the CFA are different. Compare Truesdell v. Carr, 351 N.J. Super. 317, 321 (Law Div. 2002) ("[T]he purpose of the treble damage provision of [N.J.S.A. 2A:39-8] . . . is obviously to deter 'self-help' by landlords[.]"), with Furst, 182 N.J. at 14 ("The remedy of treble damages under the [CFA] . . . [is] intended . . . to punish the wrongdoer and to deter others

16

from engaging in unfair and deceptive commercial practices."). However, this distinction does not warrant an additional award of treble damages under the circumstances, as the injuries Art Resources suffered were the result of the same conduct by Hartz. Cf. St. James v. Future Fin., 342 N.J. Super. 310, 343 (App. Div. 2001) (holding that the defendant's punitive damage award on its breach of fiduciary duty counterclaim had to be reduced by two-thirds of the award on its state racketeering counterclaim, which was trebled, because the defendant "suffered a single, monetary injury").

Because Art Resources has already recovered any damages to which it would be entitled if it were successful in proving its claims for forcible entry and detainer and trespass, we conclude that the judge did not err in declining to award damages on these claims. In so holding, however, we decline to resolve the substantive issues of whether force or a threat of force was required to sustain a forcible entry and detainer case and whether violence was required to sustain a trespass case. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is well-settled that appeals are taken from orders and judgments and not from . . . reasons given for the ultimate conclusion.").

Next, we address Art Resources' argument that the judge erred in awarding Hartz relief on its unpaid rent claim. Having reviewed the testimony that the

judge relied on in awarding Hartz $10,500, we conclude that the judge erred in finding that Hartz presented competent evidence on the issue of the reasonable rental value of the space Art Resources occupied at 40 Enterprise Avenue. We add that Art Resources also failed to present competent evidence on this issue.

Generally, expert testimony is required to determine the value of a property. Pansini Custom Design Assocs., LLC v. City of Ocean City, 407 N.J. Super. 137, 143 (App. Div. 2009); Jacobitti v. Jacobitti, 263 N.J. Super. 608, 613 (App. Div. 1993), aff'd, 135 N.J. 571 (1994). However, even if the parties' witnesses were competent to testify as to this issue, their testimony was insufficient to demonstrate that $10 per square foot was a reasonable amount.

On remand, the judge relied only on the testimony of Christoph and Milano, Hartz's senior vice president of sales and leasing and president, respectively, and he stated that it was reasonable to charge Art Resources $10 per square foot, divided by twelve, for the 12,600 square feet of space Art Resources occupied during October 2013. However, neither witness explained why charging $10 per square foot was reasonable under the circumstances. Christoph only testified to how he measured the space Art Resources occupied, and Milano only testified that "rents for that property are [$6.50] or $7 a square foot," and he "grossed it up to an approximate number of $10 a square foot"

18

because Hartz was not able to use or lease the remaining space in the warehouse. Likewise, the manager of Art Resources' New Jersey location, Raoofi, also failed to testify as to the reasonable rental value of the space, as his testimony focused on the difference between the spaces at 100 Park Plaza Drive and 40 Enterprise Avenue.

Although Hartz had the burden of proving damages, see Caldwell v. Haynes, 136 N.J. 422, 436 (1994), and we conclude that the judge erred in finding that Hartz met its burden, we are not persuaded by Art Resources' argument that Hartz is entitled to nothing because in the prior appeal, we determined that Hartz was entitled to relief under a theory of quantum meruit, Art Res., LLC, No. A-0402-16 (slip op. at 5); see Lanzet v. Greenberg, 126 N.J. 168, 192 (1991) ("[D]ecisions of law made in a case should be respected by all other lower or equal courts during the pendency of that case.").

Although Hartz is entitled to an award for the reasonable rental value of the space Art Resources occupied during October 2013, since it is entitled to this relief under a theory of quantum meruit, it may only recover to the extent of Art Resources' benefit from occupying the space. See Starkey, Kelly, Blaney & White v. Estate of Nicolaysen, 172 N.J. 60, 68 (2002); Wanaque Borough Sewerage Auth. v. Township of West Milford, 144 N.J. 564, 575 (1996). We

find that awarding Hartz relief greater than $9386.66, the amount that Art Resources would have owed as a holdover tenant at 100 Park Plaza Drive, would unjustly enrich Hartz. As the judge found, "Hartz acted less-than-equitably . . . in locking [100 Park Plaza Drive] and having it condemned to prohibit any re-entry by any tenant and, quite exclusively, Art Resources." Hartz benefited from this conduct, so it should not additionally benefit by being permitted to charge Art Resources a higher rent just because the Chancery Division judge ordered it to provide Art Resources with a comparable space, and the only available space happened to be one for which Hartz claimed it needed to charge a higher rent. We add that the proposed value of $10 per square foot was based on Hartz's inability to rent the remaining unused space, an issue for which Art Resources bears no responsibility, and not on the value of the space that benefited Art Resources.

As we have discussed, both parties failed to offer evidence as to the reasonable rental value for 40 Enterprise Avenue. However, nothing in the record suggests that an additional remand hearing would allow for the presentation of evidence that "could substantially alter the . . . value [originally] fixed by the trial court." Jacobitti, 263 N.J. Super. at 613-14. Because "it would be an injustice to remand . . . where so little is at stake," we decline to remand

for resolution of this issue.  Id. at 613.  Accordingly, we reverse the award of $10,500 to Hartz on its unpaid rent claim and reinstate the judge's original award of $9386.66.

To the extent that we have not addressed the parties' remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed in part and reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

21

A-1115-18T2