**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5339-18T2

LUZ MORALES,

     Plaintiff-Appellant,

v.

MATEO PICINIC,

     Defendant-Respondent.

_____

Submitted May 14, 2020 – Decided August 25, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-4898-19.

Luz Morales, appellant pro se.

Arthur E. Balsamo, attorney for respondent.

PER CURIAM

     Plaintiff Luz Morales appeals a Law Division judgment for $6554 entered against her on July 15, 2019, in favor of defendant Mateo Picinic following a

bench trial. Because the trial court's findings are supported by substantial credible evidence in the record, we affirm.

I.

Plaintiff leased an apartment in North Bergen. Defendant purchased the property in 2005 and assumed the oral lease from the prior owner. Defendant's attorney sent a letter to plaintiff that her $1224.50 security deposit was transferred to defendant. She acknowledged receiving the letter. Defendant testified the security deposit was kept in an interest-bearing account at "M&T Bank" and that he told her it was "in the money with the house."

In December 2018, defendant asked plaintiff to move out,[1] but she did not give him a definitive answer until she turned in her keys on February 9, 2019. She did not pay rent in January or February 2019. On February 19, 2019, defendant wrote to plaintiff that her security deposit would not be returned because it was being applied to partly offset $9130.50 that defendant incurred to repair the apartment and for unpaid rent.

---

[1] Plaintiff's appendix included documents that were not marked for identification or moved into evidence in the bench trial. These included a notice to quit by defendant demanding possession of the apartment and terminating the lease as of December 15, 2018, pursuant to N.J.S.A. 2A:18-61.1(c) for destruction to the premises, a notice to cease and desist, and a notice of grounds for eviction.

 A-5339-18T2

Plaintiff filed a small claims complaint against defendant under the New Jersey Security Deposit Act (SDA), N.J.S.A. 46:8-19 to -26, seeking return of double her $1224.50 security deposit. Defendant's answer claimed he gave plaintiff an itemized statement of deductions and expenses within thirty days after she vacated the apartment. He filed a counterclaim for rent arrears and for damages. The case was transferred to the Special Civil Part because the counterclaim exceeded the monetary amount for a small claims action. R. 6:1-2(a)(2).

Much of the testimony at trial concerned the condition in which defendant found the apartment after plaintiff moved out. In the living room there was a broken front door jamb and closet door, and damage to the floor and carpet with water stains from plaintiff's air conditioner. In the kitchen, the stove was operating with one burner and the refrigerator was "dead." There was damage to the stove hood and water damage to the ceiling above the sink. The small bedroom had a water stain on the ceiling. The bathroom vanity was broken, the toilet was leaking, and parts of the shower's plumbing were missing. There were damaged doors in the downstairs landing. The fire-rated door had multiple holes drilled through it. Defendant had to hire people to remove the broken

appliances.  The apartment needed to be painted.  Photographs and receipts in evidence supported these claims.  Plaintiff denied responsibility for damages.

The court found defendant's testimony to be credible.  Defendant did not know plaintiff was moving out until the beginning of February and therefore, plaintiff owed rent for January, February and March 2019.  However, the court found defendant did not adequately clarify what was plaintiff's negligence as opposed to normal wear and tear.  The court did not find that the entire $2400 incurred for painting was plaintiff's responsibility.  The court could not resolve which party was telling the truth about the damaged fire door.  The court awarded $4554 for three months' rent ($1518 times three) plus $3500 for damages for a total of $8054 owed to defendant.  It then deducted the $1500 security deposit for a total judgment against plaintiff of $6554.

## II.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial.  Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974).  These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super.

154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

The SDA requires a landlord to return a tenant's security deposit along with accrued interest "[w]ithin [thirty] days after the termination of the tenant's lease . . . less any charges expended in accordance with the terms of [the] . . . lease . . . ." N.J.S.A. 46:8-21.1. "Any deductions the landlord makes must be 'itemized,' and notice must be forwarded to the tenant." Reilly v. Weiss, 406 N.J. Super. 71, 80 (App. Div. 2009) (quoting N.J.S.A. 46:8-21.1).

"[T]he statutory penalty imposed for failure to return a tenant's security deposit within the prescribed thirty-day period is double the net amount 'wrongfully withheld,' not double the amount of the initial deposit." Penbara v. Straczynski, 347 N.J. Super. 155, 160 (App. Div. 2002) (quoting Kang In Yi v. Re/Max Fortune Props., Inc., 338 N.J. Super. 534, 539 (App. Div. 2001)). Thus, the only item to be doubled is the "net amount due to the tenant on the security deposit and interest, after deduction of the charges due to the landlord." Jaremback v. Butler Ridge Apartments, 166 N.J. Super. 84, 89 n.1 (App. Div. 1979). The landlord must prove he suffered damages or prove the tenant owed

A-5339-18T2

contractual amounts in order to retain all or part of the security deposit. <u>Penbara</u>, 347 N.J. Super. at 160-61.

Here, we discern no reason to interfere with the trial judge's findings of fact or conclusions of law. The deductions applied for repair costs and back-due rent were supported by substantial credible evidence in the record. Defendant sustained his burden of proving that plaintiff was responsible for damages and rent.

For the first time on appeal, plaintiff claims she was not provided with the repair receipts prior to trial. "Generally, an appellate court will not consider issues . . . which were not raised below." <u>State v. Galicia</u>, 210 N.J. 364, 383 (2012). Even if we were to consider this, plaintiff does not dispute she did not ask for pre-trial discovery. She also did not object to introduction of the receipts at trial.

Plaintiff argues she should not have to pay rent for March 2019. The court's award of March's rent is fully supported by the record as it made clear that plaintiff's failure to move out and return the keys until February did not allow defendant time to rent the apartment.

Plaintiff is attempting to make new arguments based on documents that were not before the trial court. She is limited to the record on appeal. <u>See</u> <u>R.</u>

6

2:5-4(a) (limiting the record on appeal to all papers on file with the trial court or agency below).

Plaintiff argues the trial court did not take into consideration a video tape she provided, but the record does not support this.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5339-18T2